## Ex Parte L. H. Odom

No. A-4871. Decided October 20, 1954
(271 S.W. 2d Series 796)

*Herbert W. Green,* of San Antonio, for relator.

*Renne Allred and Josh H. Groce,* both of Austin, for T. O. Lang, Sheriff of Travis County, respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This original habeas corpus proceeding was brought on behalf of Relator, L. H. Odom, who had been committed to the custody of the sheriff of Travis County, Texas by the Honorable Jack Roberts, Judge of the 126th District Court for contempt because of his refusal to testify before a Master in Chancery appointed by the court. This court ordered Relator released on bail pending the outcome of this proceeding.

The events leading up to the commitment began when General American Casualty Company was placed in receivership and a Receiver appointed by the 126th District Court of Travis County on July 6, 1954. Thereafter on July 20, the court appointed Harry L. Wear as Master in Crancery and directed him to take testimony concerning the financial condition of the company. The Master ordered that the taking of this testimony begin August 10th, 1954, at the General American Building in San Antonio, Texas. The Relator, a former vice-president of the company and a resident of Bexar County, was subpoenaed by the Master to appear on that day and testify. Counsel for Relator appeared at the appointed time and stated that his client refused to honor the subpoena because of his belief that a Master appointed by a Travis County District Court had no power to subpoena witnesses in Bexar County, Texas. Subsequently the Relator was attached, brought before the Judge of the 126th District Court of Travis County and ordered held in custody until he had purged himself of contempt. After the case was submitted on briefs and oral argument by all parties we entered an order denying the relief prayed for. We now record brieflly the grounds on which our order was based.

■ The only question presented in this court for determination is whether or not a Master in Chancery has the authority to exercise subpoena powers and compel the attendance of witnesses so long as such action does not require the witness to leave the county of his residence and appear in the county where the cause is pending. We uphold the action of the Master in Chancery. The Master was ordered and directed by the District Court of Travis County to perform certain duties. The order authorized him to go into the county of residence of a witness and require the production of evidence relative to the receivership. The action of the Master in Chancery in suing and causing to be served the subpoena on the Relator was authorized by Rule 171, Texas Rules of Civil Procedure.

Respondent concedes that the Master in Chancery would not be authorized under Rule 171, supra, or any other rule or statute to issue a subpoena to require this Bexar County resident to appear in Travis County for the purpose of giving testimony.

■ Rule 171 was taken in part from repealed Article 2320 and in part from Federal Rule 53. The second paragraph of the rule was taken verbatim from Federal Rule 53 with the exception of the last sentence which is not material to this controversy. Having adopted the exact language of the Federal Rule, it is presumed that it was adopted in the light of the decisions construing it. Travelers Ins. Co. v. Marshall, 124 Texas 45, 76 S.W. 2d 1007, 96 A.L.R. 802.

It has been uniformly held that under Federal practice the Master can take oral testimony without as well as within the district where he is appointed. Mathieson Alkali Works v. Arnold, Hoffman & Co., Inc., 31 Fed. 2d 1; Consolidated Fastener Co. v. Columbian Button & Fastener Co., 85 Fed. 54; Troyak v. Enos, 204 Fed 2d 536; Bate Refrigerating Co. v. Gillette, 28 Fed. 673. It has also been held that where the Master is taking evidence beyond the territorial limits of the district in which the suit is pending, the court in the district where the Master is sitting is authorized to issue subpoenas commanding attendance before the Master. White v. Toledo St. Louis & K. C. R. Co., 79 Fed. 133; United States v. Standard Sanitary Mfg. Co., 187 Fed. 232.

The second paragraph of Rule 171 contains this statement of the authority of the Master:

"He may require the production before him of evidence upon all matters embraced in the reference, including the production of books, papers, vouchers, documents and other writing applicable thereto."

It seems obvious from a reading of the cases construing Federal Rule 53 from which our rule was in part taken, that this court did not intend to confine the Master to the territorial limits of the court appointing him in promulgating Rule 171. Since the rule does not provide that the court of the District in which the Master is sitting issue subpoenas ordering witnesses to appear before the Master as does the federal rule, we hold that the Master himself has the power to issue the subpoenas. Otherwise that portion of the rule quoted above would be absolutely meaningless.

This holding does not place any undue burden on the Relator. He is a resident of Bexas County, the hearing was to be in Bexar County and the subpoena commanded him to appear in that county. In accordance with the opinion herein expressed we entered the order above mentioned remanding Relator to the custody of the Travis County Sheriff.

Opinion delivered October 20, 1954.