**Dee FORD, Individually, et al., Appellants,**

**v.**

**The BIMBO CORPORATION et al.,**
**Appellees.**

**No. 1007.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 10, 1974.

Rehearing Denied Sept. 4, 1974.

Van E. McFarland, McFarland & Tennant, Houston, for appellants.

J. Eugene Clements, George S. Craft, Sewell, Junell & Riggs, Bruce S. Powers, Woodard, Hall, McCrory, Henry & Primm, Houston, for appellees.

COULSON, Justice.

This is a class action suit.

Appellant Dee Ford, individually, and on behalf of al the other shareholders of the Bimbo Corporation, sued the Bimbo Corporation, John Lloyd Keeton, William M. Hancock, and the Reagan Commerce Bank, appellees, on behalf of the Bimbo Corporation for wrongful transfer of funds in the amount of $25,000 from Bimbo's corporate account. Keeton was a director of Bimbo, and Hancock was an employee of Reagan Commerce Bank. Service was had on Keeton and Bimbo by serving the Secretary of State, and neither appeared, but no default judgments were taken as to them.

The Reagan Commerce Bank and Hancock filed motions to dismiss on the ground that appellant, as a class representative, had a conflict of interest with the members of that class, in that he had filed a suit in federal court against Bimbo and others for rescission of the sale by which he had purchased his shares of Bimbo [Adicks, et al v. Baldwin Lloyd, Kurtz and Hankamer, Civil No. 72–H–197 (S.D. Texas, filed February 16, 1972)]. After a hearing on December 26, 1973, the trial judge on January 17, 1974, entered an order abating the suit (reflecting his decision at the hearing) and decreeing that it would be dismissed on January 28, 1974, unless one or more shareholders of Bimbo who were not parties to the federal suit were joined as plaintiffs. Appellant then gave notice of appeal of the order "signed January 17, 1974." On January 31, 1974, no other shareholders having joined the suit as plaintiffs, an order of dismissal was entered. No notice of appeal was given from that order. No findings of fact or conclusions of law were filed by the trial judge.

Appellees have filed motions to dismiss this appeal for want of jurisdiction, asserting that appellant's notice of appeal pertained to a nonappealable, interlocutory order, and no notice of appeal from an appealable order has yet been given. Appellant asserts that his notice of appeal was a proper premature notice under Rule 306(c), Texas Rules of Civil Procedure. The instant case presents a novel question of premature notice of appeal, but we feel that it is unnecessary to address this ques-

tion, since the judgment must be affirmed on its merits.

Appellant argues that the trial judge erred in holding that appellant did not adequately represent the class of shareholders he purported to represent, because Rule 42, Tex.R.Civ.P., governing class actions has no bearing on this derivative suit.

 Rule 42, Tex.R.Civ.P., provides in part as follows:

(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

(1) joint, or common or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; . . . .

Appellant's petition asserts five causes of action, all involving the wrongful transfer of money from the corporate account of Bimbo. The primary right asserted by appellant belonged to Bimbo, and appellant asserted the right as a shareholder because he alleged Bimbo would not assert it. Appellant realizes that this suit is a derivative action, but fails to realize that all derivative actions are per se "true" class actions under Rule 42(a)(1). Appellant has not asserted a class action in which the primary right belongs to the class of shareholders. *See* 1 R. McDonald, Texas Civil Practice § 3.34.1 (1965). All derivative actions are brought on behalf of other shareholders similarly situated, and a shareholder-representative must meet the test of Rule 42(a)(1) that his maintenance of the action will "fairly insure the adequate representation of all."

 Appellant argues that, even if his class derivative action was properly dismissed, his individual derivative action should not have been. The first paragraph of appellant's petition states that he brings this action "on behalf of himself and on behalf of all other shareholders of [Bimbo]." Contrary to appellant's contention that this suit involves two different types of derivative actions, a derivative suit for the benefit of a corporation brought by a single shareholder is by its very nature brought on behalf of all other shareholders similarly situated. A single shareholder may maintain a derivative suit, Pratt-Hewit Oil Corporation v. Hewit, 122 Tex. 38, 52 S.W.2d 64 (1932), but the suit is no less a class action for that fact.

Appellant also argues that no conflict of interest exists between his representation of the class in this suit and his capacity in the federal suit seeking rescission of the sale by which he obtained his stock in Bimbo. He contends that he stands in the shoes of Bimbo in this derivative suit and that this cannot conflict with Bimbo's defense against his federal suit in an individual capacity. He also urges that no conflict of interest has been demonstrated between himself and any other shareholder of Bimbo.

 Whether a party is a proper representative of a class, such that the interest of the other class members will be adequately represented, is a matter addressed to the sound discretion of the trial judge, although his determination is subject to review. Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857 (1945). The question of whether a representative has a conflict of interest with the class he purports to represent is only one aspect of the broader issue of whether a class representative under Rule 42 will adequately represent the other members of the class. In Group Hospital Service, Inc. v. Barrett, 426 S.W.2d 310 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n.r.e.), this Court found a conflict of interest to exist between the named plaintiffs and the class they sought to represent, because if the plaintiffs were successful in that suit the insurance charges

to other members of the class would be increased. No such conflict of interest exists in the instant case. However, in his federal suit appellant is attempting to rescind the sale by which he purchased his shares of stock, and is, in effect, denying that he is a member of the class of Bimbo shareholders. We hold that a party cannot be a proper representative in a derivative suit so as to insure fairly the adequate representation of the class of other shareholders when he simultaneously seeks in another suit to remove himself from that class.

It should be noted that a 1973 amendment to the Business Corporation Act codified the common law in requiring that a plaintiff in a derivative suit must be the record or beneficial owner of shares, the owner of an interest in a voting trust, or the person to whom shares or an interest devolved upon by operation of law from someone who was such an owner at the time of the transaction of which complaint is made. Tex.Bus.Corp.Act Ann. V.A.T.S. art. 5, 14, subd. B (Supp.1974). This article also requires that such ownership be specifically pleaded by a plaintiff in a derivative suit. It would indeed be anomalous to require a plaintiff in a derivative suit to plead ownership and allow him at the same time to plead in another suit for rescission of the sale whereby he obtained that ownership.

Appellant's final argument is that there was no showing that any other shareholder existed who could be joined. Even if there were such a showing, it is also contended that appellant did not have the power to join other shareholders and any attempt by his attorney to do so would amount to unethical solicitation.

When a shareholder in a derivative suit cannot adequately represent the interest of the shareholders he purports to sue for, the unspoken assumption is that there are other shareholders and that one or more of them do not share the defect which impedes the original shareholder from adequately representing the class. If

this is not in fact true, then the burden is logically upon the shareholder bringing the derivative action to apprise the trial court of this fact. Appellant in no way attempted to do this. The fact that appellant did not have the formal power to join other shareholders as plaintiffs is irrelevant. The trial judge found that appellant was not a proper class representative, and he could have dismissed the suit at that point. The fact that he abated the suit to permit appellant to notify other shareholders who could then join does not diminish the fact that appellant alone was an improper class representative. "Abatement and joinder," when a shareholder representative is found to inadequately represent his class, is a common tool in the federal courts. *E.g.,* Basch v. Talley Industries, Inc., 53 F.R.D. 14 (S.D.N.Y.1971). Of course, Rule 42 is patterned after the federal class action rule, and federal decisions interpreting it are persuasive. Ex parte Odom, 153 Tex. 537, 271 S.W.2d 796 (1954). Further, notification of a pending suit under the direction of a court in no way approaches unethical solicitation.

Affirmed.