D. L. BRITTIAN, d/b/a, Brittian's
Lumber & Hardware Co., et al.,
Appellants,

v.

GENERAL TELEPHONE COMPANY OF
the SOUTHWEST, Appellee.

GENERAL TELEPHONE COMPANY OF
the SOUTHWEST, Appellant,

v.

D. L. BRITTIAN, d/b/a Brittian's Lumber & Hardware Co., et al., Appellees.

Nos. 17688, 17689.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 13, 1976.

Rehearing Denied March 12, 1976.

L. Royce Coleman, Jr., Denton, for D. L. Brittian, d/b/a Brittian's Lumber & Hardware Co., and others.

Preston, Holt, Goodrum & Harper, and Wayne L. Goodrum, San Angelo, for General Telephone Company of the Southwest.

## OPINION

SPURLOCK, Justice.

This is a class action suit brought by D. L. Brittian, individually, and as a member of the class, against General Telephone Company of the Southwest, for declaratory judgment. Defendant brought a cross-action against Brittian for debt for directory advertising. Trial was before the court without the aid of a jury, resulting in a judgment in which Brittian obtained a declaratory judgment, decreeing the contract terminated on January 28, 1975, class action relief was denied, and defendant was denied relief on its cross-action. Brittian appealed in his representative capacity only. That appeal is docketed as No. 17688. Defendant also appealed, which is docketed as No. 17689. By cross-points, plaintiffs, as appellees, assign the same errors complained of in their appeal where they are appellants. Both appeals are consolidated by this Court. The suit involves the construction of contracts between the Telephone Company and its subscribers concerning advertising in the "yellow pages" of the telephone directory.

We affirm in part; reverse and dismiss in part; and in part reverse and render a take-nothing judgment against Brittian.

Plaintiff brought this suit for himself and for a class of persons too numerous to be made party plaintiffs, other than as a class, who are subscribers to directory advertising in the defendant company's telephone directory. The allegations and proof show that the directory is composed of white and yellow pages. In the yellow pages various businesses and individuals advertise their services or products. The plaintiffs contend that they contracted with the telephone company for directory advertising for one year for which the customers were billed monthly. Each contract was identical except as to the amounts paid for advertising. Plaintiffs allege that each of the subscribers is being billed for the advertising monthly after the contract had expired by its own terms. They pray for declaratory judgment declaring that the contract had expired, for a permanent injunction enjoining defendant from attempting to collect any future sums of money for the expired advertising contract, and recovery of the money paid by Brittian and the class for advertising after the contract had expired. The defendant answered by general denial, special denials, and filed a counterclaim seeking a money judgment against Brittian for all sums due under his contract for advertising from January 28, 1975, to time of trial.

The judgment rendered and signed April 10, 1975, contains a finding that, ". . . Plaintiff, D. L. Brittian, does not properly and legally represent the class of persons he alleges he represents . . . ." It further provides, "IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that all class action relief sought by Plaintiff is in all respects denied.

"All other relief not specifically granted herein is in all respects denied . . . ."

The record reflects that the "yellow pages" consist of 184 pages and that several advertisements appear on each page. There are at least 300 persons in the same class as Brittian. Several of the subscribers testified during the course of the trial as witnesses for plaintiffs. They gave varying reasons why they did not wish to be billed past the alleged contract year ending January 28, 1975. Some had changed a portion of their business, some wanted to reduce their ads for economic reasons, and one had had a heart attack and had severely curtailed his business because of his impaired health. None of these persons were made party plaintiffs to the suit other than as being members of the class.

The defendant filed a motion to dismiss this appeal on the grounds that since plaintiff, as an individual, had received all relief he sought and the court had found he did not represent the class, he therefore had no justiciable interest in this appeal. This motion is denied.

Appellants and appellee concede that in No. 17688 the class action alone is appealed.

The basic and underlying issues in No. 17688 are: (1) Where an individual brings a suit as an individual and as a member of the class and the court finds that the individual did not properly represent the class but denies the relief sought by the class, can the class appeal from that judgment by the representative of the class? (2) The next question raised by proper point of error is whether or not the trial court abused its discretion in finding that Brittian did not properly and legally represent the class of persons he purportedly represented.

Rule 42, T.R.C.P., provides in part as follows: "(a) *Representation*. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, *as will fairly insure the adequate representation of all* may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is . . (3) several, and there is a common question of law or fact affecting the several rights

and a common relief is sought." (Emphasis ours.)

▪ The language used in the Rule is designed to cover a wide variety of situations. It can cover suits to construe wills and trusts. It may involve unborn children. It covers derivative suits, and a wide variety of legal and factual situations. For this reason the rule must be broad and flexible in order for courts to insure that where a class is represented, the members of that class will be properly protected. In Volume 1, McDonald Texas Civil Practice, Sections 3.31.1 through 3.51, pages 338–406, Class Actions, the author illustrates how the rule has been applied and the problems arising in connection therewith. The number of persons required to be joined to fairly represent the class varies in part depending upon whether the suit is in the nature of a derivative, hybrid, or spurious class action.

▪ In general, one of the requirements in a true class action is that parties appearing as representatives must be members of the class and of a sufficient number to assure adequate representation and they must remain members throughout the litigation. *Allred v. Heaton*, 336 S.W.2d 251 (Tex.Civ.App., Waco, 1960, writ ref., n. r. e.; cert. den. 364 U.S. 517, 81 S.Ct. 293, 5 L.Ed.2d 265 (1960)); *Molina v. Sovereign Camp, W. O. W.*, 6 F.R.D. 385 (Nebraska Dist. Ct., 1947).

▪ The trial court's finding is entitled to great weight upon appeal. *Richardson v. Kelly*, 144 Tex. 497, 191 S.W.2d 857 (1945, cert. denied 329 U.S. 798, 67 S.Ct. 487, 91 L.Ed. 683 (1947)).

It is our opinion that the trial court did not abuse its discretion. This point is overruled.

▪ It is fundamental that the court cannot render judgment against parties over whom the court has no jurisdiction because they were not made parties to the suit. The proper order should have been for the court to dismiss the class. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (Tex.Sup., 1954).

▪ The law, in general, is whether a party is the proper representative of a class, such that the interest of other class members will be adequately represented, is a matter addressed to the sound discretion of the trial judge, although his determination is subject to review. *Richardson v. Kelly*, 191 S.W.2d 857, supra; *Ford v. Bimbo Corporation*, 512 S.W.2d 793 (Tex.Civ.App., Houston, 14th Dist., 1974, no writ hist.); *Allred v. Heaton*, supra; *Group Hospital Service, Inc. v. Barrett*, 426 S.W.2d 310 (Tex.Civ.App., Houston, 14th Dist., 1968, ref., n. r. e.).

▪ It is our opinion that the judgment of the trial court adjudicating that Brittian did not represent the class and denying all relief to the class, and not dismissing the class, is subject to review. *Robertson v. Blackwell Zinc Company*, 390 S.W.2d 472 (Tex.Sup., 1965). See also *City of Arlington v. Cannon*, supra. The judgment accordingly should be reformed as indicated herein.

▪ The trial court made the following Findings of Fact and Conclusions of Law:

### "FINDINGS OF FACT

"1. The last telephone directory (the directory in question) was published in January of 1974.

"2. Telephone directories are usually published every twelve months and since December, 1962, have been published on a twelve month or near twelve month basis.

"3. The contract in question, for yellow page advertising, recites that it is for a period 'normally twelve months.'

"4. Publication of telephone directory with yellow page advertising is solely in control of General Telephone Company, Defendant herein.

"5. Directory Publishing Company is owned by Defendant, General Telephone Company.

"6. At the trial of this cause the Defendant telephone company gave no adequate reason or cause why publication of a new telephone directory was delayed.

"7. As of April 10, 1975, no new directory had been published. .

"8. As of April 10, 1975, no firm date had been announced when another telephone directory would be published.

"9. Plaintiff, D. L. Brittian, was damaged by Defendant's failure to publish a new telephone directory within the twelve month period contemplated by the parties.

"10. At the time the contract for advertising was entered into between Plaintiff and Defendant, the parties contemplated a new telephone directory being issued in ' January of 1975, in the usual and normal manner.

"11. General Telephone Company of the Southwest is a monopoly.

### "CONCLUSIONS OF LAW

"1. A twelve month period for the yellow page telephone directory advertising was contemplated by the parties when the contract was entered into.

"2. The telephone company overreached its duties to its subscribers by failing and refusing to publish a new telephone directory when it could and should have done so within the twelve month period contemplated by the parties.

"3. Since General Telephone Company of the Southwest is a monopoly the telephone company owes a greater duty to its subscribers to not overreach or take advantage of them as the subscribers have no alternative but to deal with General Telephone Company of the Southwest.

"4. The contract expired on January 28, 1975."

The contract in question consists of two parts. On the first page is the application listing the nature and type of advertising requested and a schedule of charges, and states that the applicant agrees to pay in advance the total amount per month shown, upon publication of said advertising items in accordance with the terms on the reverse side of the application.

On the reverse side of the application is the paragraph, the meaning of which occasioned this litigation:

"4. Duration. If applicant's telephone service is discontinued, the charges for directory advertising will be discontinued, provided the telephone service is not superseded. If applicant is subsequently provided with telephone service for the same general type of business within the same directory area prior to the expiration of the directory in which the advertising appears, the charges for directory advertising will commence effective upon the resumption of such telephone service.

"The applicant with continuous telephone service will be billed monthly in advance for the length of the directory issue. In the event the applicant is billed in advance for the entire directory issue (normally 12 months) and the length of issue is changed, the applicant's billing will be adjusted accordingly.

"If within a period of 12 months from the issuance of a directory an interim directory with a classified section is issued, then the advertising provided for on the face of this application shall be inserted in the interim directory, and the applicant will continue to pay the monthly charges noted on the face of this application for the full period of the directory issue (normally 12 months.)"

The record reflects the last directory was issued on January 28, 1974. Brittian contends that his contract with the Telephone Company expired 12 months from that date, or January 28, 1975. The Telephone Company contends that the contract does not expire until the new directory is issued and it was error for the court to find otherwise.

Mr. Brittian testified that he has had continuous telephone service and is billed monthly. Therefore, the termination clause

stating that the contract would be discontinued if the service was disconnected and the clause concerning payment of the entire fee in advance would not apply to Mr. Brittian. It is therefore clear that as applied to Brittian the contract for advertising continues for the length of the 1974 directory issue and will continue until a new directory is issued.

The statement of facts indicates that the Telephone Company would probably issue a new directory on May 28, 1975, to approximately coincide with the issue of the Dallas directory. This is for business and economic reasons. Over the last 10 years the directory had either issued on December 28 or January 28 of each year.

The contract provides that if the applicant pays cash in advance he will pay for 12 months, but if the length of issue is more or less than that period of time then the amount of his prepayment would be adjusted accordingly. This language indicates that it is the usual practice for the directory to be issued each 12 months, but it may be issued in a shorter period of time or a greater period of time; in any event, the contract is to pay for the directory advertising until the issuance of a new directory, as applied to the facts in this case.

A contract is not ambiguous nor too indefinite to be enforced in regards to its duration so long as the language used fixes an ascertainable fact or event by which the term of the duration of the contract can be determined. The expiration of a particular directory issue is an ascertainable event which can be determined upon the publication of a new issue.

In the case of *City of Big Spring v. Board of Control*, 404 S.W.2d 810 (Tex.Sup., 1966) that court had before it a contract concerning the maintaining of a State hospital in Big Spring. The City agreed to provide water to the hospital at a fixed rate of charge. The duration of the contract was that it would stay in effect as long as the State of Texas shall in good faith maintain and operate said hospital on said site. This contract was held not to be indefinite as to the duration of the contract and it was not invalid and was not terminable at will. It limited the duration of the contract to be in effect " 'as long as the State of Texas shall in good faith maintain and operate said hospital on said site.' "

The Telephone Company, by its point No. 2, asserts that the finding of the trial court that the contract expired 12 months from the date of the issuance of the directory is error because such is contradictory with the written agreement between the parties. Brittian in his brief states that this is the only issue on appeal in Cause No. 17689. In effect Brittian says that the contract should be construed from its four corners without the aid of extrinsic evidence and that the other findings of fact and conclusions of law are immaterial to this appeal. Brittian then states that parol evidence is not admissible to vary or explain the terms of the contract and that the contract should be construed by the court.

It is our opinion that the contract did not expire 12 months from the date of its issue on January 28, 1974.

The Telephone Company did not appeal from nor assign a point of error to that portion of the judgment denying its cause of action by way of cross-action for debt for directory advertising from January 28, 1975, to date of judgment, which was April 10, 1975.

We have carefully considered all the assignments of error and cross-points asserted in each appeal and our opinion and judgment here rendered disposes of each of them.

That portion of the judgment denying relief to the plaintiffs as a class, other than Brittian, is reversed and dismissed without prejudice to the right of the individual members of the class, or the members as a class, to institute and prosecute suits individually or as a class concerning the subject matter of this cause of action.

That part of the judgment declaring the contract of the Telephone Company had expired and terminated on or about January 28, 1975, is reversed and rendered, and Brittian is hereby denied that relief.

That part of the judgment denying relief on the cause of action asserted by way of cross-action by the Telephone Company against Brittian for debt for directory advertising from January 28, 1975, to April 10, 1975, the date of the judgment from which part of the judgment the Telephone Company did not appeal nor assign any point of error, is affirmed.

Costs in No. 17688 are assessed against General Telephone Company of the Southwest. Costs in No. 17689 are assessed one-half against General Telephone Company of the Southwest and one-half against D. L. Brittian.