Gayle CORKERY, Appellant,

v.

TEXAS CHRISTIAN UNIVERSITY, Oscar Stewart, Kelly Ham, and Buddy's Wrecker Service, Inc, Appellees.

No. 2–96–101–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1997.

Henry C. Meyer, Fort Worth, for Appellant.

Greg S. Hargrove, Robert J. Gieb, Fort Worth, for Appellees.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

This appeal arises from a partial summary judgment in favor of Appellees and a jury verdict on the remainder of the case in favor of Appellees on Appellant's claims related to the towing of her illegally parked car. Appellees also appeal the trial court's denial of their motion for summary judgment as to those claims that went to trial. We affirm.

### Background

Appellant is a student at Texas Christian University (TCU) and at all relevant times held a valid State of Texas handicap-parking permit. However, on September 17, 1993, she forgot to display the permit from her rearview mirror while she was parked in a designated handicapped space on the campus of TCU. The space was marked with a sign on a pole displaying the international handicap symbol. Officer Kelly Ham of the TCU police department, a certified peace officer, issued a citation and called for a wrecker. Buddy's Wrecker Service, Inc., towed the car away at the request of Officer Ham.

Appellant sued alleging violations of Fourteenth Amendment Due Process, violations of article 6701g–2, the DTPA, negligence, and gross negligence; she also sought class certification and injunctive, declaratory and monetary relief for the class. Appellant and Appellees both filed motions for summary judgment. After twice denying Appellees' motions for summary judgment, the trial court reconsidered and granted partial summary judgment against Appellant on her claims under the Due Process Clause, article 6701g–2, and the DTPA. The trial court denied class certification and all declaratory and injunctive relief sought. The trial court denied Appellant's motion for summary judgment and denied Appellees' motions as to Appellant's claims of negligence and gross negligence. Those claims proceeded to trial, where a jury found in favor of Appellees on all issues.

### Points on Appeal

Appellant presents eight points to this court. In her first two points, Appellant

contests the trial court's grant of summary judgment on the finding that Texas's and TCU's procedures for towing illegally parked vehicles do not violate Fourteenth Amendment Due Process rights. Appellant's third and fourth points appeal the trial court's grant of summary judgment on the basis that none of the Appellees violated article 6701g–2 as a matter of law.[1] In her sixth point, Appellant claims the trial court erred in granting summary judgment, dismissing her motion for class certification, and her claims for declaratory and injunctive relief. Appellant's eighth point challenges the trial court's award of attorney's fees to Appellee Buddy's Wrecker Service.

■ Appellant's points five and seven are not properly before this court because neither claim of error was preserved. In point five, Appellant complains that summary judgment was improper because of an alleged violation of article 6701g–2(5) by Appellees. But Appellant's second amended original petition, the live pleading at the time partial summary judgment was granted for the Appellees, fails to make this claim. A party may not be granted summary judgment on a claim that was not before the trial court in the motion for summary judgment. *See Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). Therefore, because summary judgment was not granted on this claim, summary judgment on this claim cannot be appealed.

■ Point seven of Appellant's brief complains that one of the trial court's jury instructions constituted an impermissible comment on the weight of the evidence. However, Appellant only objected to the instruction on the grounds that there was no evidence or that it was not conclusively established. Rule 274 disposes of this point by stating: "A party objecting to a charge must point out *distinctly* the objectionable matter and *the grounds* of the objection." TEX.R. CIV. P. 274 (emphasis added). We overrule Appellant's points five and seven.

**1.** Act of June 16, 1977, 65th Leg., R.S., ch. 835, §§ 1–10, 1977 Tex. Gen. Laws 2085, 2085, *repealed by* Act of May 23, 1995, 74th Leg., R.S.,

### Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, in each claim of erroneous summary judgment below, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

### Procedural Due Process

Appellant contends in her first two points that summary judgment for the Appellees was in error because it is conclusively established, or a genuine issue of material fact has been presented, that her Constitutional rights to Due Process have been violated in that she received no pre-tow notice or opportunity to be heard.

■ Analysis of any procedural due process claim must begin by first determining that Appellant possessed and was deprived of some personal property or liberty interest in order to be due any process. *See Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548, 556 (1972); *Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570, 578 (1972). Appellant meets this requirement. She was deprived of possession and use of her vehicle until she paid $80 to Buddy's Wrecker Service to retrieve it. Having crossed this threshold, we move to an analysis of whether the procedures afforded Appellant violated

ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871 (now codified at TEX. TRANSP CODE ANN. § 684.001–684.087 (Vernon Supp.1997)).

the Fourteenth Amendment guarantee of due process.

■ The United States Supreme Court decision of *Mathews v. Eldridge* defines our analysis. *Mathews,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976). Due process requires the opportunity to be heard at a meaningful time. See *id.* at 333, 96 S.Ct. at 902, 47 L.Ed.2d at 32. *Mathews* instructs that in reviewing the sufficiency of the hearing provided, we must analyze (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *See id.* at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33.

■ Appellant contends that she was entitled to actual personal notice before her car was towed. We disagree. Appellant admits in her brief that several federal circuit courts of appeals have upheld towing without pretow notice. In fact, the Seventh Circuit has explained why it is necessary to allow towing without prior notice and opportunity to be heard: "[Providing] advance notice is infeasible in the case of an illegally parked car; the car will be gone by the time the owner is notified, no matter how efficient the notification process is." *Sutton v. City of Milwaukee,* 672 F.2d 644, 647 (7th Cir.1982). The Fifth Circuit also upheld towing without prior notice, and focused on the post-tow process provided. *See Breath v. Cronvich,* 729 F.2d 1006, 1010–11 (5th Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984). Following the Fifth Circuit's guidance, we will analyze the procedures Appellant was afforded once her car had been towed.

First, Appellant had the right to appeal the citation through TCU's police department. She refused to take advantage of this appeal procedure because she objected to signing a waiver agreeing to accept the decision of the appeal board as final. The appeal board would only consider an appeal on which the waiver had been signed.

■ Second, Texas law also provided Appellant with a remedy. Article 6701g–3 states that when a person's vehicle has been towed without the owner's consent, the owner is entitled to a hearing.[2] The statute requires that the owner request a hearing within six days after the vehicle was towed and provides that once requested, the hearing must take place within four days after the request.[3] If the judge or magistrate who hears the case determines that probable cause did not exist to tow the vehicle, the owner is entitled to have the law enforcement officer who ordered the tow pay the costs or reimburse the owner for costs already paid.[4] Appellant did not allege, nor is there any evidence in the record, that she availed herself of this opportunity to be heard. When the owner of a vehicle is provided an opportunity for a post-tow hearing and declines to exercise that right, the owner cannot claim a denial of due process. *See Scofield v. City of Hillsborough,* 862 F.2d 759, 764 (9th Cir. 1988). Because Appellant did not use either remedy available to her, she has waived her right to complain that the procedures they entailed were insufficient. Therefore, we do not reach the *Mathews* analysis.

We overrule Appellant's first two points.

### Article 6701g–2

■ Appellant challenges the trial court's grant of summary judgment for the Appellees and denial of summary judgment for the Appellant because Appellant contends that the evidence conclusively shows, or that

**2.** Act of June 14, 1985, 69th Leg., R.S., ch. 675, § 2, 1985 Tex. Gen. Laws 2452, 2454, *amended by,* Act of June 16, 1991, 72nd Leg., R.S., ch. 776, § 5, 1991 Tex. Gen. Laws 2767, 2768, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871 (now codified at Tex. Transp Code Ann. §§ 685.001–685.007 (Vernon Supp.1997)).

**3.** *Id.* Act of June 14, 1985, 69th Leg., R.S., ch 675, § 2, 1985 Tex. Gen Laws 2454 (repealed 1995).

**4.** *See id.*

there is at least a genuine issue of material fact, that the Appellees violated article 6701g–2 in points three and four. The relevant portions of that statute are as follows:

Sec. 2 (a) A parking facility owner may, without the consent of the owner or operator of an unauthorized vehicle, cause such vehicle to be removed and stored at the expense of the owner or operator of the vehicle, if *any* of the following occurs:

(i) a sign or signs, specifying those persons who may park in the parking facility and prohibiting all others, are placed so that they are readable day or night from all entrances to the parking facility (but signs need not be illuminated); [or]

(ii) the owner or operator of the unauthorized vehicle has actually received notice from the parking facility owner that the vehicle will be towed away if it is not removed;

. . . .

(b) Otherwise, a parking facility owner may not have an unauthorized vehicle removed except under the direction of a peace officer or the owner or operator of such vehicle.

. . . .

Sec. 3 (a) A towing company may, without the consent of the owner or operator of an unauthorized vehicle, remove and store such vehicle at the expense of the owner or operator of the vehicle, if any of the following occurs:

(i) a sign or signs, specifying those persons who may park in the parking facility and prohibiting all others, are placed so that they are readable day or night from all entrances to the parking facility (but signs need not be illuminated); [or]

(ii) the towing company has received written verification from the parking facility owner that the owner or operator of the unauthorized vehicle has been actually notified by the parking facility owner that the

vehicle will be towed away if it is not removed; or

. . . .

(b) Otherwise, a towing company may not remove an unauthorized vehicle except under the direction of a peace officer or the owner or operator of such vehicle.[5]

Appellant claims that she has conclusively established that the Appellees violated this statute, or that in the alternative, there is a genuine issue of material fact on her claim. There are no material facts in dispute. Appellant admits in her deposition that she did not display her handicap permit from the rearview mirror. And Appellant alleged in her second amended original petition, which was the live pleading at the time summary judgment was granted, that Officer Kelly Ham "is a certified peace officer of the State of Texas and is employed as a Police Officer for the T.C.U. CAMPUS POLICE." Therefore, under sections 2(b) and 3(b) of the statute, both TCU and Buddy's Wrecker Service acted properly in allowing Appellant's car to be towed at the direction of Officer Ham.[6] Furthermore, Appellant included in her own affidavit in response to Appellees' motions for summary judgment a photo of the parking space, clearly showing a sign in front of the spot with the international handicap symbol and the same symbol painted on the ground, satisfying sections 2(a)(i) and 3(a)(i).[7] Even if the signs could not be seen from the very entrance to the entire lot, article 6701g–2 defines "parking facility" to "include[ ] a restricted portion or portions of an otherwise unrestricted parking facility."[8]

Appellant also received a copy of TCU's parking regulations when she purchased her parking permit. The regulations state unequivocally that "vehicles illegally parked . . . are subject to being towed when parked in . . . [a] handicap space. . . . Violators are liable for charges when their vehicle is towed." Appellant was charged with notice that her car would be towed if she parked

---

**5.** Act of June 16, 1977, 65th Leg., R.S., ch. 835, 1977 Tex. Gen. Laws 2085, 2086, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 925, 1993 Tex. Gen. Laws 3934, 3935 (now codified at Tex. Transp. Code Ann. § 684.012 (Vernon Supp. 1997)).

**6.** *See id.*

**7.** *See id.*

**8.** *Id.* Act of June 16, 1977, 65th Leg., R.S., ch 835, 1977 Tex. Gen. Laws 2085 (amended 1993).

illegally, and regardless of her possession of a handicap-parking permit, her failure to display it placed her car within the class of illegally parked cars.

Finally, Buddy's Wrecker Service cites us to Fort Worth City Ordinance 8133, which states: "Any vehicles not displaying the proper license plates, tags or devices may be towed from a handicapped parking space . . . at the expense of the owner of such vehicle, and may be impounded until all towing and storage charges are paid." FORT WORTH, TEX., ORDINANCES ch. 22, art. VI, § 22–174(c) (1980). This statute authorized Appellees to tow and impound Appellant's car, and Appellant is charged with knowledge of the law.

We overrule Appellant's third and fourth points.

### Class Certification

■■■ Appellant challenges the denial of class certification and declaratory, injunctive, and monetary relief for the class in point six. Rule 42 provides that a party may bring an action on behalf of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

TEX.R. CIV. P. 42. The rule requires that the representative party must have a valid claim to present such claim on behalf of others. "[W]hether a party is the proper representative of a class . . . is a matter addressed to the sound discretion of the trial judge." *Brittian v. General Tel. Co. of the Southwest,* 533 S.W.2d 886, 889 (Tex.Civ.App.—Fort Worth 1976, writ dism'd). Because we have already determined that summary judgment was proper as against Appellant's statutory and due process claims, the trial court was within its discretion to find that she could not be a proper representative party for similar claims on behalf of other individuals. Having

decided that Appellant was not a proper representative for the class, the trial court was also within its discretion to dismiss the class action. *See Ford v. Bimbo Corp.,* 512 S.W.2d 793, 795 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ).

Once the court had dismissed the class action, it had no choice but to deny and dismiss the injunctive, declaratory, and monetary relief Appellant sought on behalf of the class. We overrule point six.

### Attorney's Fees

In her eighth point, Appellant claims that the trial court erred in awarding attorney's fees to Appellee Buddy's Wrecker Service. Article 6701g–2 provides: "In any suit brought under this Act, the prevailing party shall recover reasonable attorney's fees from the nonprevailing party." [9] Appellant does not claim that the fees awarded were unreasonable, but instead claims Buddy's Wrecker Service was not entitled to any fees at all because "it is undisputed that [Buddy's Wrecker Service] violated the statute." The statute makes clear that once Buddy's Wrecker Service prevailed on Appellant's claim under article 6701g–2, it was entitled to recover attorney's fees. We overrule point eight.

### Denial of Summary Judgment

■■■ Appellees each raise a cross-point arguing that denial of their motions for summary judgment as to Appellant's claims for negligence, gross negligence, and intentional seizure was error. We cannot consider these points.

■■■ An order denying summary judgment is not a proper subject for appeal because it is not a final order. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996); *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). *Cincinnati Life* held that where the trial court rules on all of the bases offered in a movant's motions for summary judgment and grants some but specifically denies others, the appellate court must

---

9. Act of June 16, 1977, 65th Leg., R.S. ch. 835, 1977 Tex. Gen. Laws 2085, 2087, *amended by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, 1995 Tex. Gen. Laws 1025, 1801 (now codified at TEX. TRANSP. CODE ANN. § 684.084(d) (Vernon Supp. 1997)).

consider the denied grounds as possible bases for affirming the summary judgment *if the granted bases in fact disposed of all of the nonmovant's claims. Cincinnati Life,* 927 S.W.2d at 625. In the case before us, the summary judgment order denied summary judgment on three of Appellant's complete causes of action. Therefore, we have no authority to consider this point. We overrule Appellees' cross-points.

### *Conclusion*

Having overruled both Appellant's points and Appellees' cross-points, we affirm the judgment of the trial court.