William **CHRISTIAN**, Robert Armstrong, Robinson Neblett, James Stephens, Christopher Krenn, and John Cheek, Individually and on Behalf of all others similarly situated, and Ralph Shoberg, Individually, Appellants,

v.

**ICG TELECOM CANADA, INC.; ICG Telecom Group, Inc.; ICG Communications, Inc.; Zycom Corporation; Zycom Corporation; and Zycom Network Services, Inc., Appellees.**

No. 01–98–00814–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1999.

Rehearing Overruled July 2, 1999.

Alice Oliver-Parrott, David Burrow, Philip C. Brashier, Robin C. Gribbs, Houston, for appellant.

Jeffrey C. Alexander, Jean C. Frizzell, Barrett H. Reasoner. Scott A. Humphries, Houston, for appellee.

Panel consists of Justices HEDGES, NUCHIA, and EVANS.*

## OPINION

ADELE HEDGES, Justice.

Appellants appeal from the trial court's interlocutory denial of certification of a class and subclass of minority shareholders on derivative claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(3) (Vernon Supp. 1999). We consider whether class certification is necessary to assert shareholder derivative claims. Concluding it is not, we affirm the order denying class certification.

### Background

We follow the usual standard of review of orders concerning class certification. *See Sun Coast Resources, Inc. v. Cooper*, 967 S.W.2d 525, 529 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.).

In 1995, appellees, ICG Telecom Canada, Inc., ICG Telecom Group, Inc., and ICG Communications, Inc. (the ICG appellees), purchased a controlling interest in Zycom Corporation and its two subsidiaries (collectively Zycom), in which appellants owned minority stock equity interests. In April 1997, appellants sued appellees, alleging, among other things, that the ICG appellees had dumped Zycom shares on the market, reported gross revenues substantially below those dictated by accepted accounting methods, and mismanaged the affairs of Zycom. All appellants other than Ralph Shoberg

---

* Retired Chief Justice Frank G. Evans, Court of Appeals, First District of Texas at Houston, sitting by assignment.

asserted derivative claims on behalf of Zycom based on fraud and breach of fiduciary duty.[1] Shoberg asserted only individual claims of common-law and securities fraud.

### The Motion for Class Certification

All appellants asserting derivative claims sought to have a class and subclass certified of all Zycom shareholders, excluding appellees, who owned stock on March 1, 1994 and September 7, 1995. These appellants sought class certification only of their derivative claims by attempting to fulfill all requirements of the general class certification rule. After hearing the class certification motion, the trial court denied appellants' request for class certification. Appellants appeal that ruling.

### The Jurisdictional Issue

■ In a separately filed motion, appellees challenge this court's jurisdiction to consider the appeal on the ground that the trial court's order was actually one striking appellants' derivative claims, not one refusing to certify a class. Appellees correctly point out that a party seeking relief from an order striking shareholder derivative claims does not have a statutory right to an interlocutory appeal. *Stary v. De-Bord,* 967 S.W.2d 352, 353–54 (Tex.1998) (holding orders striking derivative claims are not tantamount to orders denying class certification and, therefore, are not appealable); *compare* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.1999). The *Stary* Court did not hold, however, that orders denying class certification of derivative claims were tantamount to orders striking derivative claims and, thus, unappealable. We disagree with appellees' categorization of the nature of appellants' motion and the trial court's order denying that motion. In this case, as distinguished from *Stary,* the trial court was not presented with and did not rule upon any

motion by appellees to strike appellants' derivative claims. Here, the trial court was faced with only the issues presented by appellants' motion seeking class certification. Because the trial court's order was limited to denying appellants' request for class certification, appellants are entitled to bring an interlocutory appeal from that ruling.

Accordingly, we overrule appellees' motion to dismiss the appeal for want of jurisdiction.

### The Class (and Derivative) Action Rule

Texas Rule of Civil Procedure 42, which governs class actions generally and derivative actions particularly, provides as follows:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Derivative Suit.* In a derivative suit brought pursuant to Article 5.14 of the Texas Business Corporation Act, the petition shall contain the allegations (1) that the plaintiff was a record or beneficial owner of shares, or of an interest of a voting trust for shares at the time of the transaction of which he complains, or his shares or interest thereafter devolved upon him by operation of law from a person who was the owner at that time, and (2) with particularity, the efforts of the plaintiff to have suit brought for the corporation by the board of directors, or the reasons for not making any such efforts. The derivative suit

---

**1.** It is unclear whether the petition also alleged individual claims personal to the shareholders.

may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. The suit shall not be dismissed or compromised without the approval of the court, and notice in the manner directed by the court of the proposed dismissal or compromise shall be given to shareholders.

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

(4) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class ac-

tion is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Tex.R. Civ. P. 42(a), (b).

The second paragraph in Rule 42(a), entitled "Derivative Suit," prescribes specific criteria governing the maintenance of shareholder derivative actions. In essence, a plaintiff seeking to maintain such an action must allege the following:

1. record or beneficial ownership of shares, or an interest in a voting trust for shares, at the time of the transaction or which thereafter devolved upon the party by operation of law from an owner at that time and

2. the efforts the party made to have the suit brought for the corporation by the board of directors, or the reasons for not making such efforts

This paragraph further states that the derivative action may not be maintained if "it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation."

### The Business Corporation Act

This derivative action is also governed by Texas Business Corporation Act article 5.14(b) (Vernon 1980), *amended by* Act of May 13, 1997, 75th Leg., R.S., ch. 375, § 30, 1997 Tex. Gen. Laws 1540–43.[2] This statute provides as follows:

**2.** Article 5.14 was amended effective September ber 1, 1997, but the amendment applies only

**B. Prerequisites.** A derivative suit may be brought in this State only if:

(1) The plaintiff was a record or beneficial owner of shares, or of an interest in a voting trust for shares, at the time of the transaction of which he complains, or his shares or interest thereafter devolved upon him by operation of law from a person who was such an owner at that time, and

(2) The initial pleading in the suit states:

(a) The ownership required by Subsection (1), and

(b) With particularity, the efforts of the plaintiff to have suit brought for the corporation by the board of directors, or the reasons for not making any such efforts.

### The Nature of Derivative Actions

Shareholder derivative suits have been classified as a "per se" or "a species of" class action because the shareholder plaintiffs assert claims on behalf of all similarly situated shareholders. *See Ford v. Bimbo Corp.*, 512 S.W.2d 793, 795 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). The class action procedural rule, in apparent recognition of the representative nature of shareholder derivative claims, has periodically included a subsection relating to such claims. *See* TEX.R. CIV. P. 42(a), 4 Tex. B.J. 494 (1941, amended 1977); TEX.R. CIV. P. 42(a) (as amended, 1984); *Stary*, 967 S.W.2d at 353–54 (noting history of Rule 42). A shareholder plaintiff bringing a derivative claim must comply with both the requirements of the "Derivative Suit" provision of Rule 42(a) and with the requirements and procedures of Texas Business Corporation Act article 5.14(B) and (C).[3] *See Eye Site, Inc. v. Blackburn*, 796 S.W.2d 160, 162 n. 3, 162–63 (Tex.1990).

Derivative suits, however, differ from class actions generally. *See Stary*, 967 S.W.2d at 354; *Ford*, 512 S.W.2d at 795. In a derivative action, the plaintiffs seek recovery for the corporation; in a class action, they seek recovery for individual members of the class. *See Wingate v. Hajdik*, 795 S.W.2d 717, 718 (Tex.1990). Also, the derivative plaintiff need not show compliance with the commonality and typicality tests of Rule 42(a) subsections (2) and (3) because those requirements are inherently satisfied by the very nature of a derivative suit—*i.e.*, all shareholders are affected by and will benefit from the suit indirectly—and a derivative suit lies even if the plaintiff shareholder is the *only* one "similarly situated." *See Blackburn*, 796 S.W.2d at 162–63; *DeBord v. Circle Y of Yoakum, Inc.*, 951 S.W.2d 127, 131 (Tex. App.—Corpus Christi 1997), *rev'd on juris. grounds sub nom. Stary v. DeBord*, 967 S.W.2d 352 (Tex.1998).

### The Questions

■ This appeal presents two related questions: First, must a shareholder asserting derivative claims, in addition to making the allegations required by the Derivative Suit paragraph in Rule 42(a) and the provisions of the Business Corporation Act article 5.14, move affirmatively for class certification of such claims and prove the additional elements required for class actions generally under Rule 42(b)? Second, must the derivative shareholder also follow the general class action procedures set forth in Rule 42(c) through (f)?

We answer both these questions in the negative.

There has been considerable confusion regarding the "exact interplay" between the Rule 42 general class action provisions and Rule 42(a)/article 5.14 derivative actions. *See, e.g., Bimbo*, 512 S.W.2d at 795;

---

to actions or proceedings filed after that date. Act of May 13, 1997, 75th Leg., R.S., ch. 375, § 125(e), 1997 Tex. Gen. Laws 1610. This suit was filed before that date. The current version of article 5.14 is entitled "Derivative

Proceedings." TEX. BUS. CORP. ACT ANN. art. 5.14 (Vernon Supp.1999).

**3.** TEX. BUS. CORP. ACT ANN. art. 5.14(B), (C) (Vernon Supp.1999).

*compare Huddleston v. Western Nat'l Bank,* 577 S.W.2d 778, 780 (Tex.Civ.App.— Amarillo 1979 writ ref'd n.r.e.) *with Zauber v. Murray Sav. Ass'n,* 591 S.W.2d 932, 935–36 (Tex.Civ.App.—Dallas 1979), writ ref'd n.r.e., 601 S.W.2d 940 (Tex.1980) (per curiam); *see also* PATRICK LANIER, DENNIS B. HELMER, 3 TEXAS CORPORATIONS: LAW AND PRACTICE, *Shareholders' Derivative Actions,* § 122.01[3] (May 1991); 1, 11 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE, §§ 13.04[2], 162.03, 162.20[2][b], 162.51[3] (Aug.1995, Nov. 1998) (recommending that shareholders asserting derivative claims follow the procedures applicable to class actions generally).

A review of the history of Rule 42(a) suggests some possible reasons for this confusion. Until 1977, Rule 42(a) expressly referred to derivative claims, and a shareholder asserting derivative claims had to comply with all requirements of that rule. *See* TEX.R. CIV. P. 42(a), 4 Tex. B.J. 494 (1941, amended 1977); *Bimbo,* 512 S.W.2d at 795. From 1977 to 1984, all references to derivative suits were deleted from the rule. TEX.R.APP. P. 42(a), 40 Tex. B.J. 563 (1977, amended 1984). Because of this omission, several courts held that the 1977 version of Rule 42 did not apply to derivative suits and that only article 5.14 applied. *See Atkinson v. Reid,* 625 S.W.2d 64, 67 (Tex.App.—San Antonio 1981, no writ); *Zauber,* 591 S.W.2d at 935–36. *But see Huddleston,* 577 S.W.2d at 780. In 1984, the Texas Supreme Court reintroduced the derivative action language by inserting a *second* paragraph under Rule 42(a) specifically relating to derivative actions. *See Blackburn,* 796 S.W.2d at 162 n. 3 (explaining that the second paragraph was inserted "to resolve the question of whether Rule 42(a) controls derivative suits").

■ As recently amended, the Business Corporation Act article 5.14 now contains provisions that parallel the prerequisites of the Derivative Suit paragraph of Rule 42(a). However, the Business Corporation Act article 5.14 does not contain the procedural provisions of Rule 42(b) through (f), and, instead, it sets forth its own detailed procedures that apply only to derivative suits. *See* TEX. BUS. CORP. ACT ANN. art. 5.14(D)–(L) (Vernon Supp.1999). Accordingly, by enacting these recent amendments, the legislature evidently intended to establish a separate procedural system governing derivative actions brought pursuant to the statute.

■ The logic favoring such a separate system is inescapable. It serves no purpose to certify a class of similarly situated shareholders whose interests are already indirectly represented by the plaintiffs' mere bringing of the derivative suit. *See Bimbo,* 512 S.W.2d at 795; *Stary,* 967 S.W.2d at 354. Moreover, there are important differences in the pre-trial procedures relating to the different actions. In a general class-action proceeding, the plaintiffs, as moving parties, must affirmatively seek and obtain a ruling from the court certifying compliance with all class-action prerequisites set forth in Rule 42. In a shareholder derivative action, the plaintiffs need only plead the elements of such an action as set forth in Texas Business Corporation Act article 5.14 and the Derivative Suit paragraph of Rule 42(a). Unless affirmatively challenged by the defendants, the plaintiffs are entitled to maintain their derivative action based on their pleadings. *See generally Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.) (special exceptions); *Wingate,* 795 S.W.2d 717 (special exceptions); *Atkinson,* 625 S.W.2d 64 (motion to abate); *Blackburn,* 796 S.W.2d 160 (motion to dismiss); *Bimbo,* 512 S.W.2d 793 (motion to dismiss or to strike); *DeWoody v. Rippley,* 951 S.W.2d 935 (Tex.App.—Fort Worth 1997, pet dism'd by agmt.) (motion for summary judgment); *Crowley v. Coles,* 760 S.W.2d 347 (Tex.App.—Houston [1st Dist.] 1988, no writ) (motion for summary judgment); *Zauber,* 591 S.W.2d 932 (motion for summary judgment).

There are additional procedural reasons why Rule 42 subdivisions (b) through (f) do not apply to shareholder derivative suits. The Rule 42(a) Derivative Suit paragraph contains requirements of notice and approval of settlement or dismissal that mirror similar requirements found in Rule 42(e). If the Rule 42(e) requirements were applied to shareholder derivative claims, the very similar provisions relating to judicial approval and notification found in the Derivative Suit paragraph would be redundant. Furthermore, the opt-out provision of Rule 42(c) and some of the provisions contained in Rule 42(b) do not make sense when applied to a shareholder derivative suit.

Accordingly, appellants, as shareholders asserting derivative claims, were not required to seek, and the trial court was not required to grant, their request for certification of a class of similarly situated shareholders.

### Certification of Individual Claims

By postsubmission brief, appellants assert for the first time that we should reverse, even though we have held that class certification procedure does not apply to derivative claims, because the class certification order would potentially cover shareholders' individual claims as well. That is, any class certification order should not be limited to derivative claims because these might later evolve into individual ones. We reject this argument. Appellants clearly moved to certify only their derivative claims; it is the position they consistently asserted, argued, and briefed here and below.

### The Court's Holding

We conclude that it was unnecessary for appellants to seek class certification in order to maintain their shareholder derivative action. Since we have determined that certification was unnecessary, we also conclude that the trial court did not abuse its discretion in denying appellants' motion. Because our holding on this appeal is limited only to the trial court's ruling on appellants' motion for class certification, we expressly refrain from making comment regarding the merits of any affirmative challenge that might be made by appellees to appellants' derivative action under Texas Business Corporation Act article 5.14, Texas Rule of Civil Procedure 42(a), or otherwise. That matter is not before us. Neither do we express an opinion whether appellants can fairly and adequately represent the interests of similarly situated shareholders.

We affirm the trial court's order denying appellants' motion for class certification.