Jack **HUDDLESTON**, Appellant,

v.

**WESTERN NATIONAL BANK** and Roy Whittenburg, Appellees.

No. 8921.

Court of Civil Appeals of Texas, Amarillo.

Feb. 13, 1979.

Rehearing Denied Feb. 13, 1979.

Thomas Goggan, Austin, Stokes, Carnahan & Fields, Robert N. Carnahan, Amarillo, for appellant.

Gibson, Ochsner & Adkins, Michael C. Musick, Whittenburg Law Firm, Amarillo, for appellees.

## ON MOTION FOR REHEARING

DODSON, Justice.

We withdraw our December 29, 1978, opinion and, in lieu thereof, substitute this opinion.

Jack Huddleston appeals from an order of the trial court dismissing his stockholder's derivative suit brought on behalf of Western National Bank of Amarillo and against Roy Whittenburg, the bank's president and principal stockholder. The court sustained a plea in abatement filed by Whittenburg and the bank (hereinafter appellees), which contained several grounds, one being that Huddleston did not adequately represent the class of bank stockholders. The dismissal resulted when Huddleston failed to sufficiently amend his petition to cure the representation defects within the time prescribed by the trial court. We determine that the trial court did not clearly abuse its discretion in determining that Huddleston was an inadequate class representative and in dismissing the suit after first affording him an opportunity to amend his petition. Affirmed.

On October 15, 1976, Huddleston filed his first amended petition alleging that Roy Whittenburg committed, or caused to be committed, certain acts of misconduct which resulted in financial losses to the bank and its stockholders. Appellees filed their verified first amended original answer on August 1, 1977. This answer contained a plea in abatement, special exceptions, an affirmative defense, and a general denial. The plea in abatement alleged, *inter alia,* that Huddleston did not adequately represent the class of bank stockholders because at the time of the alleged misconduct Huddleston was the bank president and participated in the acts complained of. Appellees further alleged that Huddleston attempted to remove himself from the class during the pendency of the suit by offering to sell his stock to Whittenburg.

On August 5, 1977, a hearing was held on appellees' plea in abatement and special exceptions. After considering the evidence, pleadings, and arguments of counsel, the trial court entered its order granting the plea in abatement on August 8, 1977. Huddleston was thereby directed to replead his cause of action on or before September 9, 1977, in a manner which would cure the matters contained in the plea in abatement, or the cause would be dismissed. No ruling was made on the special exceptions.

On September 9, 1977, Huddleston filed his second amended original petition. The trial court determined that Huddleston failed to replead his cause of action in a manner sufficient to cure the matters contained in the plea in abatement. On October 27, 1977, the trial court entered its order dismissing the action. Thereafter, the following findings of fact and conclusions of law were entered:

I. FINDINGS OF FACT

The Court finds that Jack Huddleston does not adequately represent the stockholders of Western National Bank as a class.

II. CONCLUSIONS OF LAW

A. This Court has the discretion to determine whether a party is a proper representative of a class, such that the interests of the other class members will be adequately represented.

B. Because of the findings of this Court that Jack Huddleston is not a proper class representative, this Court can dismiss Plaintiff's suit.

Huddleston first challenges the trial court's determination that he was an inadequate class representative with legal and factual sufficiency points of error. Specifically, he maintains that the evidence adduced at the plea in abatement hearing was inadmissible and therefore there is no evidence to support the determination. Appellees offered the only evidence at the hearing: the affidavit of Cecil E. Mason, a former vice president of the bank, and a letter from Huddleston's attorney to appellees' attorney. Huddleston objected to the admissibility of the affidavit on the ground that it was hearsay. The trial court overruled the objection for purposes of identification only. We deem it unnecessary to consider the admissibility of this affidavit and its probative value because the crux of its contents were judicially admitted in Huddleston's second amended petition, which was received by the trial court prior to the dismissal of the suit. Similar admissions were made regarding the contents of the letter. See Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729 (1941). However, the letter was admitted without objection. In light of the admissions and evidence offered without objection, we overrule Huddleston's no evidence point.

█ We next consider Huddleston's factual sufficiency point of error in context with Rule 42 of the Texas Rules of Civil Procedure. Rule 42 mandates a predictive finding that the parties will fairly and adequately protect the interests of the class as a condition to maintenance of a class action. See 3b Moore's Federal Practice (Matthew Bender) ¶ 23.07[1] at 23–199 and the authorities cited therein for a discussion of the underlying policy considerations in regard to this principle. This finding is a matter addressed to the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear abuse of discretion. Ford v. Bimbo Corporation, 512 S.W.2d 793, 795 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); Hines v. Texas Telephone & Telegraph Company, 490 S.W.2d 953, 955 (Tex.Civ.App.—Tyler 1973, no writ); Group Hospital Service, Inc. v. Barrett, 426 S.W.2d 310, 315 (Tex.Civ.App.

—Houston [14th Dist.] 1968, writ ref'd n. r. e.). We note here that the traditional approach by federal judges in determining adequacy of the representative has been to consider:

(1) whether the interest of the named party is coextensive with the interests of the other members of the class; (2) whether his interests are antagonistic in any way to the interests of those whom he represents; (3) the proportion of those made parties as compared with the total membership of the class; (4) any other facts bearing on the ability of the named party to speak for the rest of the class.

3b Moore's Federal Practice (Matthew Bender) ¶ 23.07[1] at 23–203 and the authorities cited therein. Rule 42 is patterned after the federal class action rule and the federal decisions and authorities interpreting it are persuasive. Ex parte Odom, 153 Tex. 537, 271 S.W.2d 796, 797 (1954); Ford v. Bimbo Corporation, supra, at 796; 1 R. McDonald, Texas Civil Practice § 3.34.1 (Cumm.Supp.1978).

█ The evidence before the trial court was twofold. First, Huddleston was president of the bank at the time the alleged misconduct occurred. Secondly, Huddleston attempted to compromise or dismiss the pending derivative suit by offering to sell his bank stock to Roy Whittenburg. In light of this evidence, we are of the opinion that the trial court could have believed that Huddleston's interests were antagonistic to those of the class. As president of the bank at the time of the alleged misconduct, Huddleston was subject to being individually named in the suit. See Canion v. Texas Cycle Supply, Inc., 537 S.W.2d 510, 513 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). Additionally, Huddleston's attempted compromise or dismissal of the suit is relevant in light of Rule 42(b) which prohibits the compromise or dismissal of a class action without approval of the court and notice to the class members. Tex.R.Civ.P. 42(b). We conclude that there is some evidence of probative force from which the trial court could have found Huddleston to be an inadequate class representative and

that the finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore do not believe that the trial court clearly abused its discretion. Accordingly, Huddleston's factual sufficiency point is overruled.

■ Huddleston complains in his next point of error that he was denied a jury trial on the fact issue of adequate class representation. The record does not reflect that Huddleston demanded a jury trial or paid a jury fee. Huddleston participated in the evidentiary hearing before the trial court and did not object to the proceeding on the ground that he was being denied a jury trial. Under these circumstances Huddleston waived any right to a jury trial regarding this matter. *See Beck v. Winegeart,* 471 S.W.2d 422, 425 (Tex.Civ.App.— Amarillo 1971, no writ); *Richardson v. Raby,* 376 S.W.2d 422, 425 (Tex.Civ.App.— Tyler 1964, no writ); *Hernandez v. Light Pub. Co.,* 245 S.W.2d 553, 553–54 (Tex.Civ. App.—San Antonio 1952, writ ref'd).

■ Huddleston further alleges that the trial court erred in dismissing his suit based upon the plea in abatement because the verification was defective in that it was made on information and belief. Rule 93(b) requires that a pleading which alleges that a plaintiff has not the legal capacity to sue shall be verified by affidavit unless the truth of such matters appears of record. Tex.R.Civ.P. 93(b). Generally, a verification upon information and belief is insufficient. *Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975). However, defects in the verification oath may be waived if not pointed out precisely by motion or exceptions in writing. *See* Tex.R.Civ.P. 90; *see also Texas Osage Co-op. Royalty Pool v. Kemper,* 170 S.W.2d 849, 852 (Tex.Civ.App. —Galveston 1943, writ ref'd); *Leon Farms Corp. v. Beeman,* 240 S.W.2d 433, 436 (Tex. Civ.App.—El Paso 1951, writ ref'd n. r. e.); *Smith v. Walters,* 468 S.W.2d 889, 891 (Tex. Civ.App.—Dallas 1971, no writ). Huddleston lodged an oral objection alleging that the verification was defective. However, he did not file a written exception to the pleadings on this ground. He also failed to obtain a ruling on the oral objection or to object to the evidence introduced at the hearing on this ground. Under these circumstances, he waived any objection to the alleged defect. *See* Tex.R.Civ.P. 90 and the cases cited above.

■ Huddleston's remaining points of error maintain that the trial court erred in dismissing his suit without further notice, hearing, or opportunity to replead his cause of action, and in dismissing his individual cause of action. We determine that the trial court committed no error in dismissing the suit after first affording Huddleston an opportunity to replead his cause in a manner which would cure the representation defect. The court's order granting appellees' plea in abatement directed that Huddleston sufficiently replead his cause of action to cure the defects or his cause would be dismissed. The decision to dismiss the suit following Huddleston's failure to sufficiently replead was within the trial court's discretion. *See Ford v. Bimbo Corp., supra,* where the court stated: "The trial judge found that appellant was not a proper class representative, and he could have dismissed the suit at that point."

■ We have reviewed Huddleston's second amended original petition and conclude that Huddleston did not state an individual cause of action. The crux of Huddleston's allegations which can be construed as an attempt to recover in his individual capacity state:

Defendant Whittenburg has further deliberately and effectively destroyed the value of the stock held by Jack Huddleston by repeatedly stating that he would never buy Huddleston stock or any stock that had ever been Huddleston stock. Inasmuch as Defendant Whittenburg effectively controls approximately eighty percent (80%) of the stock of Western National Bank, these actions had and continue to have the practical effect of destroying the market value of the shares held by Plaintiff Huddleston to his damage, for which this suit is also brought.

Huddleston fails to direct us to any cases or any other authorities which hold under the circumstances plead here that a principal stockholder has a legal obligation to purchase another stockholder's shares of stock in the corporation.

We overrule Huddleston's motion for rehearing and affirm the judgment of the trial court.