**PAUL STANLEY LEASING CORP.**
**d/b/a Plaza Medical of Texas,**
**Inc., Appellant,**

v.

**M.C. HOFFMAN, D.O., P.A., Appellee.**

**No. 05–82–00290–CV.**

Court of Appeals of Texas,
Dallas.

May 18, 1983.

Marc Stanley, James D. Stevenson, Dallas, for appellant.

W.J. "Bill" Morris, Dallas, for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

MALONEY, Justice.

This is an appeal by Paul Stanley Leasing Corp. d/b/a Park Plaza Medical of Texas, Inc. (Stanley Leasing) of a take-nothing judgment in its suit against M.D. Hoffman, D.O., P.A. (Hoffman). Stanley Leasing originally filed suit in the justice court to recover the purchase price of medical goods sold and delivered to Hoffman. That suit was dismissed when Stanley Leasing failed to appear for trial. Stanley Leasing then appealed to the County Court at Law No. 2 for trial de novo, where the judgment here complained of was rendered.

Stanley Leasing contends that the trial court erred in rendering a take-nothing judgment; that the trial court erred in granting Hoffman's motion to dismiss; and, that the trial court should have abated the case for a period of time sufficient to allow it to obtain licensed counsel. We agree that the trial court erred in entering a take-nothing judgment, and therefore we reverse the judgment with instructions. Upon remand it would be a proper exercise of the trial court's discretion to enter an order dismissing Stanley Leasing's case without prejudice, or to abate the proceedings for a period of time sufficient to allow Stanley Leasing to obtain licensed counsel.

In the county court, Stanley Leasing's suit against Hoffman was called for trial. Both Paul Stanley, representing Stanley Leasing, and counsel for Hoffman announced ready. Prior to the presentation of evidence on the merits, Hoffman established that Paul Stanley, president of Stanley Leasing, was not an attorney duly licensed by the State of Texas, and that Paul Stanley Leasing Corp. and Plaza Medical of Texas, Inc. were corporations. Hoffman then objected to any further proceedings and moved for a dismissal. The trial court orally granted the motion to dismiss, finding that Paul Stanley could not properly act as Stanley Leasing's legal representative before the Court, since Rule 7 of the Texas Rules of Civil Procedure, which allows pro se representation, does not apply to corporations. The trial court subsequently rendered a take-nothing judgment against

**442**

Stanley Leasing, which then retained licensed counsel and appealed.

 We hold that the trial court erred in rendering a take-nothing judgment because such a judgment passes on the merits of a case, which the trial court did not do. The circumstances of the instant case are analogous to those in *Stewart v. Whatley*, 479 S.W.2d 84 (Tex.Civ.App.—Waco 1972, no writ), and *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). In *Stewart*, the plaintiff failed to appear for trial. The trial court entered a default judgment against the plaintiff which adjudicated the merits of the case. The appellate court reversed, holding that, "the only remedy against the defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit for want of prosecution . . . without prejudice." 479 S.W.2d at 85 (emphasis in original). In *Schenker*, the trial court, after a hearing on the defendants' plea to the jurisdiction and plea in abatement entered a judgment of dismissal with prejudice. The court held that, while dismissal of the cause of action for want of jurisdiction was not error, it was error to dismiss the suit with prejudice since there had been no trial on the merits. 369 S.W.2d at 630. We conclude that the same rationale and rule applies here. Accordingly, we reverse.

Now we consider the disposition to be made of this appeal under Tex.R.Civ.Proc. 434. Stanley Leasing, conceding that a corporation must be represented by a licensed attorney, contends that dismissal of its suit was too harsh a sanction for its failure to comply with Rule 7, and that an abatement of the proceedings should have been ordered. Hoffman, on the other hand, argues that *Globe Leasing, Inc. v. Engine Supply & Machine Service*, 437 S.W.2d 43 (Tex.Civ. App.—Houston [1st Dist.] 1969, no writ), required the trial court to dismiss the case.

 The decision to either dismiss or abate an action is a matter ordinarily addressed to the sound judicial discretion of the trial court. *Stein v. Lewisville Independent School District*, 496 S.W.2d 737 (Tex.

Civ.App.—Fort Worth 1973, mand. overr.); *City of Waco v. Texas Coffin Co.*, 472 S.W.2d 800 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). The trial court in this case announced a dismissal of the case, but did not enter a written order to that effect. This ruling was not an abuse of discretion. Nevertheless, we must remand this case to the trial court with directions that it either enter a written order of dismissal without prejudice consistent with its prior ruling, or, after reconsideration, abate proceedings for a period of time sufficient to allow Stanley Leasing to obtain licensed counsel to represent it in that court.

The judgment that Stanley Leasing take nothing by its suit against Hoffman is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.