**KSNG ARCHITECTS, INC., Appellant,**

v.

**Bryce B. BEASLEY, Appellee.**

No. 05–02–00758–CV.

Court of Appeals of Texas, Dallas.

July 15, 2003.

J. Daniel McElroy, Dallas, for Appellant.

Kelly G. Masters, Attorney & Counselor, Southlake, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

KSNG Architects, Inc. ("KSNG") appeals the trial court's judgment in this employment case, complaining specifically of the trial court's striking its answer without affording it the opportunity to replead, entering a default judgment against it, and denying its motion for new trial. For the reasons discussed below, we reverse the judgment of the trial court and remand the case for further proceedings.

### BACKGROUND

Appellee Bryce Beasley alleges that she was offered a position with KSNG in February 2001. Beasley further alleges that before she was to begin work in June of that year, KSNG rescinded its offer to her. Beasley sued, asserting claims for anticipatory breach of contract, detrimental reliance, promissory estoppel, and negligent misrepresentation. Samuel Ng, the principal of KSNG, filed an answer on behalf of the company; Ng is a licensed architect, but he is not an attorney.

Beasley alleges her attorney called Ng, told Ng he needed to hire a lawyer, and gave Ng the citation to *Globe Leasing, Inc. v. Engine Supply & Machine Service,* 437 S.W.2d 43 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ). Beasley then filed her Motion to Strike Defendant's Original Answer, asking the trial court to "strike defendant's original answer and allow him ten (10) days to retain a duly authorized attorney as its counsel and file an amended Answer."[1] Ng appeared at the hearing on the motion without counsel. The court struck KSNG's answer and announced it was entering a default judgment against KSNG. The next day, the court signed a default judgment against KSNG that stated KSNG, the corporate defendant, had "failed to appear in this cause, and wholly made default." At the time, the case had not been set for trial.

Following the hearing, Ng did hire an attorney. That attorney filed a notice of appearance four days after the default was entered and filed an amended answer and a motion for new trial eight days after the default was entered. The trial court denied the motion for new trial. KSNG appealed.

### STRIKING KSNG'S ANSWER

In its first issue, KSNG argues the trial court erred in striking KSNG's answer and rendering default judgment without first abating the action to allow KSNG the opportunity to hire counsel. Beasley moved to strike KSNG's answer to her claim because the answer was filed by Ng, who is not an attorney. Only a licensed attorney can appear and represent a corporation in litigation. *Elec. Data*

---

1. The motion states, in its entirety:

 Plaintiff, Bryce B. Beasley, makes this motion to strike defendant, KSNG Architects, Inc.'s Original Answer, and in support would show the following:
 1. Defendant is a corporation organized under the laws of the State of Texas. Defendant has previously filed an Original Answer in this cause which was signed by the President of the corporation, Samuel K.S. Ng. A corporation may not appear through an individual officer who is not an attorney.

 *Globe Leasing, Inc. v. Engine Supply & Machine Serv.,* 437 S.W.2d 43, 45–46, (Civ. App.-Houston [1st Dist.], 1969, no writ). Mr. Ng is not a licensed attorney and is practicing law in the State of Texas without a license in violation of the law.
 2. Therefore, Plaintiff requests that the Court strike defendant's original answer and allow him ten (10) days to retain a duly authorized attorney as its counsel and file an amended Answer.

*Sys. Corp. v. Tyson,* 862 S.W.2d 728, 737 (Tex.App.-Dallas 1993, no writ).[2] Accordingly, the trial court appropriately determined that KSNG's answer was defective. *See R.T.A. Int'l v. Cano,* 915 S.W.2d 149, 151 (Tex.App.-Corpus Christi 1996, writ denied) (answer filed for corporation by non-attorney agent was "defective answer"). We review an issue concerning the striking of pleadings under an abuse of discretion standard. *See, e.g., Ledesma v. Allstate Ins. Co.,* 68 S.W.3d 765, 773 (Tex. App.-Dallas 2001, no pet.) (special exceptions); *Huddleston v. W. Nat'l Bank,* 577 S.W.2d 778, 781 (Tex.Civ.App.-Amarillo 1979, writ ref'd n.r.e.) (plea in abatement). The narrow issue before us is whether, after striking the defective answer, the trial court abused its discretion by not allowing the offending party any time to remedy the defect.

KSNG relies upon *Paul Stanley Leasing Corp. v. Hoffman,* 651 S.W.2d 440 (Tex. App.-Dallas 1983, no writ). In that case, the issue of representation by a non-attorney did not arise until the case was called for trial. At that time, counsel for Hoffman announced ready, and the plaintiff corporation, Stanley Leasing, attempted to announce ready through its non-attorney president. *Id.* at 441. Before any evidence was presented on the merits, Hoffman established that Stanley Leasing's president was not a licensed attorney and that Stanley Leasing was a corporation. Hoffman objected to any further proceedings and moved for a dismissal. *Id.* The trial court dismissed the case and entered a take-nothing judgment in favor of Hoffman. *Id.* On appeal, this Court reversed, concluding it was error to enter the take-nothing judgment when the merits of the case had not been decided. This Court next considered Stanley Leasing's argument that dismissal was too harsh a sanction for its failure to retain counsel under rule 7 and the proceedings should have been ordered abated instead. We held that the decision to dismiss or abate was a matter generally addressed to the sound judicial discretion of the trial court and that the decision to dismiss was not an abuse of discretion. Nonetheless, we remanded the case and directed the trial court either to dismiss without prejudice or to abate the proceedings for a sufficient period of time to allow Stanley Leasing to secure licensed counsel to represent it in the trial court. *Id.*

*Paul Stanley Leasing* differs from the instant case in two particulars. First, in *Paul Stanley Leasing* it was the plaintiff that attempted to appear through a non-attorney, rather than the defendant. Second, the objection to the non-attorney representation in *Paul Stanley Leasing* was not lodged until the case was actually called for trial, rather than soon after the defendant had filed its answer. Nevertheless, the *Paul Stanley Leasing* court directed the trial court either to dismiss the case *without prejudice* or to abate it and allow the plaintiff to retain counsel. Entry of judgment was not an option.

Beasley, on the other hand, relies upon *Dell Development Corp. v. Best Industrial Uniform Supply,* 743 S.W.2d 302 (Tex. App.-Houston [14th Dist.] 1987, writ denied). In that case, plaintiff Best, through counsel, filed suit against Dell. Dell was a corporation, but it filed its answer through its president, W.D. York, Jr., who was not a licensed attorney. Trial was set several months later. Best appeared through counsel; York appeared for Dell. The trial

---

**2.** The supreme court has identified an exception to this rule for purely ministerial tasks. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp.,* 937 S.W.2d 455, 456 (Tex.1996). We agree with Beasley that this exception does not apply here because filing an answer is not a purely ministerial task.

court informed York that a corporation could not represent itself pro se by an officer who is not an attorney. York never requested a postponement or additional time to retain counsel. After the court heard evidence presented by Best, it rendered judgment for Best. *Id.* at 302–03. On appeal, Dell argued the trial court should have granted a continuance sua sponte and should have granted Dell's motion for new trial. The court of appeals concluded the trial court had not abused its discretion; it ruled Dell had not demonstrated that its failure to be represented by counsel was not due to its own fault or negligence.

Once again, the procedural posture of *Dell* was significantly different: the issue of non-attorney representation on behalf of the corporate defendant did not arise until the date the case was set for trial. In the instant case, no trial date had even been set when the court addressed this issue. *Dell* does not support Beasley's position in this case. Here, plaintiff Beasley moved to strike KSNG's answer and allow KSNG ten days to retain counsel and file an amended answer. Thus, a request for additional time was squarely presented to the trial court.

KSNG also relies upon *Menetti v. Chavers*, 974 S.W.2d 168 (Tex.App.-San Antonio 1998, no pet.), which addresses a similar situation, albeit in dicta. In *Menetti*, the trial court entered a default judgment against a corporate defendant when it did not timely hire replacement counsel, despite a court order to do so, after its original counsel withdrew. The court of appeals called this "summary disposition" of the corporation's defense a "grievous

error." *Id.* at 176 n. 6. However, the court noted that the corporation had voluntarily dismissed its appeal and so the error could not be corrected. *Id.*

 Texas law does not favor striking defective pleadings without giving an opportunity to replead. Traditionally, two vehicles have been used to address defective pleadings: a special exception addresses a pleading defect apparent on the face of the pleading, and a plea in abatement addresses a defect in the pleading that requires evidence outside of the pleading. In both instances, Texas law states the trial court *must* afford the party who filed the defective pleading an opportunity to cure the defect by repleading. *See, e.g., County of Cameron v. Brown*, 80 S.W.3d 549, 559 (Tex.2002) (special exception); *Polk v. Braddock*, 864 S.W.2d 78, 80 (Tex.App.-Dallas 1992, no writ) (plea in abatement).

 Beasley's motion was in the nature of a plea in abatement, identifying a problem with the suit going forward until the problem could be cured.[3] *See, e.g., Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967); *Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 353 (Tex.App.-San Antonio 1999, no pet.) (plea in abatement challenges pleading by asserting that facts outside pleadings prevent suit from going forward in present condition). A plea in abatement may not be used to determine the merits of an action. *See Jarrell*, 418 S.W.2d at 488 (comparing pleas in abatement to pleas in jurisdiction and in bar, only last of which allows entry of judgment on merits). Instead, the trial court should allow a party a reasonable opportunity to amend the pleading to correct it against

---

**3.** KSNG's answer could not be attacked for its deficiency by special exception because the attack required information not found in the pleading, i.e., that Ng was not an attorney. Moreover, although Beasley called her challenge a motion to strike, such a motion is traditionally appropriate when an amended pleading operates as a surprise to the prejudice of an opposing party, or when a party refuses to amend after special exceptions have been sustained. *See* William Dorsaneo, 5 *Texas Litigation Guide* § 70.03[4][b] (2003).

defects alleged in a plea in abatement. *Polk*, 864 S.W.2d at 80.[4]

■ KSNG was given notice of a hearing on a motion to strike its answer; the motion requested an additional ten days so that KSNG could hire an attorney and amend its pleadings. Ng could have reasonably expected a ruling from the court regarding the corporation's obligations concerning hiring counsel. Ng, however, had no advance notice that judgment could be entered against KSNG at that hearing.[5] The issue of entering a default judgment without notice arises most often in a post-answer default case. In that instance, well-settled law forbids entering a default judgment against a defendant that has received no notice of the hearing on a motion for default judgment. *See, e.g., LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), and *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)).

■ Texas law does not favor dismissal on pleadings, death-penalty sanctions, or hearings without notice. It does favor liberal amendment of pleadings and affording litigants the opportunity to cure defects in pleadings whenever possible. *See, e.g., Brown*, 80 S.W.3d at 559; *Polk*, 864 S.W.2d at 80. We stress the specific facts of this case: the case had been on file only a matter of months, no trial date was set, and the very request to abate indicated the plaintiff would suffer no prejudice by a short delay.[6] We conclude that, after striking the defective answer, the trial court abused its discretion by not allowing KSNG a reasonable time to remedy the defect. We resolve KSNG's first issue in its favor.

### CONCLUSION

The trial court abused its discretion in striking KSNG's answer without giving it the opportunity to hire counsel and re-plead. We need not reach KSNG's second or third issues. We reverse the trial court's judgment and remand the case for further proceedings.

MORRIS, J. concurring.

---

4. The entry of a default judgment under the specific circumstances of this case can be analogized to the imposition of death penalty sanctions, which are very rarely entered as a result of a litigant's conduct during discovery. The supreme court has directed that, for such sanctions to be imposed, (1) there must be a direct relationship between the offensive conduct and the sanction, and (2) the sanction must not be excessive. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). That is, a sanction should be no more severe than necessary to satisfy its legitimate purposes. *Id.* A court's ability to impose a "death penalty" sanction is further limited by due process. *Id.* at 917–18. "Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the rules." *Id.* at 918. Even then, lesser sanctions must first be tested to determine whether they are adequate to secure compliance,

deterrence, and punishment of the offender. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992). The record certainly does not indicate anything about Ng's conduct that would allow his mistake to be equated to this kind of gross misconduct.

5. Had Beasley filed a motion for default judgment, the trial court could not have entered a default judgment under these circumstances. An answer filed on behalf of a corporation by a non-attorney is sufficient to prevent a default judgment. *See, e.g., R.T.A.*, 915 S.W.2d at 151.

6. We acknowledge the importance of a trial court retaining control over its docket, and we specifically reject any open-ended abatement for purposes of correcting a defective pleading. In this case, Beasley represented that a period of ten days was a reasonable time to hire counsel and file an amended answer. KSNG did in fact do so in less time.

Concurring Opinion by Justice MORRIS.

The majority in this case reverses the trial court's judgment and remands the cause for further proceedings. I agree with this disposition, but not with the reasoning used by the majority. I write separately to describe briefly the reason why I conclude reversal is proper.

First, I must note that the record before the court does not show that KSNG Architects, Inc. preserved error with respect to the abatement issue so heavily relied upon by the majority. The majority points out that appellee Bryce B. Beasley sought an abatement to allow KSNG time to file a proper answer. The trial court refused Beasley's request. Appellant KSNG did not seek abatement either before judgment was rendered or in its motion for new trial. The first time KSNG raised the issue of its alleged entitlement to an abatement was in this appeal. Our appellate rules require that before presenting a complaint for appellate review, the *complaining party* must have first sought a ruling from the trial court on the specific issue and obtained an adverse ruling or a refusal to rule. *See* TEX.R.APP. P. 33.1. Accordingly, KSNG, as the complaining party, was required to request an abatement from the trial court on its own behalf to preserve error. Because error was not preserved, the judgment should not be reversed on the basis of the trial court's refusal to abate the case.

The trial court's judgment should be reversed, however, because KSNG has shown itself entitled to equitable relief under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.1939). Although KSNG's original answer was defective, it satisfied the minimum threshold necessary to prevent a default judgment.

*See Home Savs. of Am. FSB v. Harris County Water Control & Improvement Dist.*, 928 S.W.2d 217, 218 (Tex.App.-Houston [14th Dist.] 1996, no writ). It was not until the trial court struck KSNG's answer that the company was in default. Immediately after striking the answer, the trial court rendered a default judgment against KSNG, and the written order striking the answer is contained within the final default judgment. Applying *Craddock* from the point in time that KSNG had no answer on file, the record shows KSNG had no time or opportunity to cure its default status. Yet, two days after judgment was rendered, KSNG hired an attorney and attempted to defend the claim. Within seven business days, the attorney for KSNG filed an amended answer and a motion for new trial encompassing each of the *Craddock* elements. No conscious indifference or intentional conduct in not filing an answer sooner is present. The record also shows that KSNG met each of the other *Craddock* elements. *Craddock* dictates reversal of the trial court's default judgment.