ACCEPTED
14-15-00238-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00238-CV

**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 10:38:00 AM
CHRISTOPHER A. PRINE
Clerk

**GEORGE FLEMING,**

*Appellant,*

**v.**

**CHARLES KIRKLIN, STEPHEN KIRKLIN, PAUL KIRKLIN AND
THE KIRKLIN LAW FIRM, P.C.**

*Appellees/Cross-Appellants.*

On Appeal from the 234th District Court, Harris County, Texas,
Trial Court Cause No. 2014-53135, Hon. Wesley Ward, Presiding

## CROSS-APPELLANTS' REPLY BRIEF

Paul S. Kirklin
pkirklin@kirklinlaw.com
State Bar No. 24070063
THE KIRKLIN LAW FIRM, P.C.
12600 N Featherwood, Suite 225
Houston, TX 77034
(713) 571-8300
(281) 922-6240 – Fax
*Counsel for Appellees/Cross-Appellants*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Index of Authorities ...................................................................................3

Attorneys' Fees Incurred by The Kirklin Law Firm, P.C. ..............................5

Segregation of Attorneys' Fees as Between the Kirklin Defendants ........... 11

Segregation of Attorneys' Fees as Between the Fleming Plaintiffs ............. 12

Sanctions ............................................................................... 15

Prayer ................................................................................. 17

# INDEX OF AUTHORITIES

**Cases**

*Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*,
150 S.W.3d 682, 693 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ....... 12

*Am. Heritage Capital, LP v. Gonzalez*,
436 S.W.3d 865 (Tex. App.--Dallas 2014, no pet.)................................. 7, 8, 15

*Avila v. Larrea*, 05-14-00631-CV, 2015
WL 3866778 (Tex. App.--Dallas June 23, 2015, pet. filed)............... 10, 11, 16

Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.,
743 S.W.2d 302 (Tex.App-Houston [14th Dist.] 1987, writ denied).............. 5

*Fitzmaurice v. Jones,*
417 S.W.3d 627 (Tex.App.--Houston [14th Dist.] 2013, no pet.).................. 10

*Garcia v. Gomez*,
319 S.W.3d 638 (Tex. 2010) ........................................................................ 9

*Globe Leasing, Inc. v. Engine Supply and Mach. Service*,
437 S.W.2d 43 (Tex. Civ. App. Houston 1st Dist. 1969)................................ 5

*In re Cash Media Systems, Inc.*,
326 B.R. 655 (Bankr. S.D. Tex. 2005) ........................................................ 5

*Kennedy v. Kennedy*,
222 S.W.3d 97 (Tex. App. Austin 2006)....................................................... 5

*KSNG Architects, Inc. v. Beasley*,
109 S.W.3d 894 (Tex. App. Dallas 2003) .................................................... 5

*Nelson v. Britt*,
241 S.W.3d 672 (Tex. App. Dallas 2007) ..................................................... 5

*Nevada Gold & Silver, Inc. v. Andrews Independent School Dist*.,
225 S.W.3d 68 Ed. Law Rep. 924 (Tex.App. El Paso 2005) .......................... 5

*Rauhauser v. McGibney,*
2014 WL 6996819 (Tex.App.—For Worth Dec. 11, 2014, no pet.) .............. 10

*Schimmel v. McGregor,*
438 S.W.3d 847 (Tex.App.—Houston [1st Dist.] 2014, pet. denied.) ........... 10

*Sierra Club v. Andrews Cnty.,*
418 S.W.3d 711 (Tex.App.—El Paso 2013) .................................................... 10

*Sullivan v. Abraham,*
2014 WL 5140289 (Tex.App.—Amarillo Oct. 13, 2014, Pet. filed) ............. 10

**Statutes**

Civil Practice and Remedies Code, Chapter 27 ...................................... *passim*

## A. Attorneys' Fees Incurred by The Kirklin Law Firm, P.C.

George Fleming ("Fleming") bases his Brief of Cross-Appellee primarily on the argument that defendants The Kirklin Law Firm, P.C., Charles Kirklin, Stephen Kirklin, and Paul Kirklin defended themselves pro se, and that because they defended themselves pro se, they didn't "*incur*" any attorneys' fees as is required by the TCPA. This argument is correct in the case of defendants Charles Kirklin, Stephen Kirklin, and Paul Kirklin, but it's incorrect in the case of defendant The Kirklin Law Firm, P.C.

In Texas, a corporation cannot defend itself pro se.[1] It must be represented by a licensed attorney,[2] and a corporation cannot be a licensed attorney. In this case, The Kirklin Law Firm, P.C. was represented by Charles Kirklin, Stephen Kirklin, and Paul Kirklin (all licensed attorneys), and it offered undisputed evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees to them:

> The reasonable, usual and customary value of the reasonable
> and necessary legal services of Charles Kirklin, Stephen R.

---

[1] *Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.*, 743 S.W.2d 302, 303 (Tex.App.-Houston [14th Dist.] 1987, writ denied); *In re Cash Media Systems, Inc.*, 326 B.R. 655 (Bankr. S.D. Tex. 2005) (applying Texas law); *Globe Leasing, Inc. v. Engine Supply and Mach. Service*, 437 S.W.2d 43 (Tex. Civ. App. Houston 1st Dist. 1969).

[2] *Nelson v. Britt*, 241 S.W.3d 672 (Tex. App. Dallas 2007); *Kennedy v. Kennedy*, 222 S.W.3d 97 (Tex. App. Austin 2006); *Nevada Gold & Silver, Inc. v. Andrews Independent School Dist.*, 225 S.W.3d 68, 221 Ed. Law Rep. 924 (Tex. App. El Paso 2005); *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894 (Tex. App. Dallas 2003).

Kirklin and Paul Kirklin **incurred** by the Kirklin Defendants in defending the Kirklin Defendants [defined to include The Kirklin Law Firm, P.C. @ 7 RR 2584] against this legal action brought by George Fleming is $53,950.00 through March 30, 2015....[3]

The Kirklin Defendants then itemized these incurred attorneys' fees, beginning with the following statement:

The following represents reasonable and necessary attorneys' fees **incurred** by the Kirklin Defendants in defending against the legal action....[4]

After itemizing the hourly charges, the Kirklin Defendants confirmed that The Kirklin Law Firm, P.C. agreed to pay their attorneys' was a fixed hourly fee: *"...the fee is a fixed hourly fee as shown above."*[5]

Charles Kirklin testified in detail that The Kirklin Law Firm, P.C. was billed for the charges listed in the itemization.[6] He concluded by testifying that *"...we billed what time we took on each of these projects, yes*."[7]

Texas courts have held that the foregoing evidence is more than sufficient to prove that attorneys' fees were incurred by a party. For example,

---

[3] 1 RR 92 (March 30, 2015 Hearing) (emphasis added)
[4] 1 RR 92 - 96 (March 30, 2015 Hearing) (emphasis added)
[5] 1 RR @ 93 (March 30, 2015 Hearing)
[6] See, for example, 1 RR 107 (March 30, 2015 Hearing); 1 RR 36 (March 30, 2015 Hearing) @ 14 – 17; 1 RR 39 (March 30, 2015 Hearing ) @ 12 – 14; 1 RR 41 – 42 (March 30, 2015 Hearing); 1 RR 44 (March 30, 2015 Hearing) @ 16 – 18; 1 RR 44 – 45 (March 30, 2015 Hearing); 1 RR 45 (March 30, 2015 Hearing)
[7] 1 RR 58 (March 30, 2015 Hearing)

in the *American Heritage Capital* case, a litigant offered the following affidavit evidence from the representing attorney:

> My services and the services of [his firm] were and are necessary and the expenses **incurred** are reasonable in that Plaintiff ... filed suit against Defendants and it was reasonable and necessary for Defendants to retain legal counsel to represent and defend them in this action, as well as to assert their statutory rights under the Texas Anti-SLAPP statute....[8]

The court held that this was evidence that the litigants incurred attorneys' fees:

> To this evidence we may add [the attorney's] subsequent description of the legal work he and others actually performed on the case and the existence of the invoices directed to [the litigants]. The evidence, viewed as a whole, gives rise to a reasonable inference that [the litigants] did in fact "retain," i.e., make an agreement to pay, [the attorney and his firm] for their legal services.
>
> We also agree...that the evidence adequately supports the proposition that [the litigant] also incurred liability for and paid for the legal services of [the attorney and his firm]. In his affidavit, [the attorney] explains what services were performed by members of his law firm, how much time was spent on those services, and what the relevant hourly rates were. Coupled with his previous testimony indicating that [the litigants] retained [the attorney and his firm] to furnish those services, [the attorney's] testimony is some evidence that [the litigant] actually incurred—became liable to pay—fees for those services.[9]

---

[8] *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 878 (Tex. App.—Dallas 2014, no pet.)
[9] *Id.*

Like the litigants in *American Heritage Capital*, after offering evidence that it incurred attorneys' fees to its attorneys, The Kirklin Law Firm, P.C. offered evidence that explained what services were performed by its attorneys,[10] how much time was spent on those services,[11] and what the relevant hourly rates were.[12] This constituted evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees and in what amounts.

Fleming cross-examined Charles Kirklin about the number of hours that were performed in carrying out various tasks for which The Kirklin Law Firm, P.C. was billed, but he failed to cross-examine Charles Kirklin on The Kirklin Law Firm, P.C.'s evidence of the basic fact that it incurred attorneys' fees, at least in some amount. He also failed to offer any evidence that would prove otherwise. Thus, the evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees stands unrebutted.

Even if the Kirklin Defendants had not submitted the foregoing evidence, the Texas Supreme Court has held that trial courts can infer that attorneys' fees were incurred from circumstantial evidence:

> The record reflects...that services were performed on the doctor's behalf. The attorney filed an answer, a plea in abatement, a motion to dismiss, and a notice of appeal. The attorney also appeared, argued, and gave testimony regarding

---

[10] 1 RR 94 – 96 (March 30, 2015 Hearing)
[11] *Id.*
[12] I*d.*

the motion to dismiss. While there is no evidence about what Dr. Garcia (or perhaps his insurance carrier) agreed to pay for these services, it blinks reality to assume that the attorney was a volunteer or that Dr. Garcia did not incur attorney's fees for this work.... Because there is some evidence in this case that attorney's fees were both incurred and reasonable, the trial court should have awarded attorney's fees to Dr. Garcia.[13]

In this case, there is direct evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees as explained above, but there is also plenty of circumstantial evidence from which attorneys' fees can be inferred as well. Just as in the *Garcia* case, The Kirklin Law Firm, P.C.'s attorneys filed an answer, a motion to dismiss, and took other actions on behalf of their client. According to the *Garcia* case, this circumstantial evidence alone is evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees.

The $53,950 in attorneys' fees sought by The Kirklin Law Firm, P.C. is a reasonable amount. Charles Kirklin testified in support of these attorneys' fees in detail, and the trial court held that *"$53,950 appears to me to be a reasonable and necessary fee."*[14] Nevertheless, the trial court awarded the Kirklin Defendants zero in attorneys' fees at the trial level.

This was an abuse of discretion because Texas courts have held that when a case is dismissed under the TCPA, if any attorneys' fees were

---

[13] *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010)
[14] 1 RR 88 (March 30, 2015 Hearing)

incurred (as has been proven in this case), the trial court must award

attorneys' fees to the prevailing party in an amount above zero:

> Certain of our sister courts have reached the conclusion that an award of court costs, attorney's fees, and other expenses incurred in defending against the action is mandatory under section 27.009(a)(1) of the TCPA. *See Schimmel v. McGregor,* 438 S.W.3d 847, 863 (Tex.App.—Houston [1st Dist.] 2014, pet. denied) (because movant established his entitlement to dismissal under the TCPA, he was entitled to "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" under section 27.009(a)(1)); *Sierra Club v. Andrews Cnty.,* 418 S.W.3d 711, 720 (Tex.App.—El Paso 2013) (award of attorney's fees is mandatory under section 27.009(a)(1) of the TCPA if motion for dismissal granted), *rev'd on other grounds,* No. 14–0214, —— S.W.3d ——, 2015 WL 2148029 (Tex. May 8, 2015); *Fitzmaurice v. Jones,* 417 S.W.3d 627, 634 (Tex.App.—Houston [14th Dist.] 2013, no pet.) (trial court erred by not awarding appellants reasonable attorney's fees as requested by appellants and "required by section 27.009(a)"), *disapproved on other grounds by In re Lipsky,* No. 13–0928, ——S.W.3d ——, ——, 2015 WL 1870073, at *4 (Tex. Apr. 24, 2015) (orig. proceeding); *see also Sullivan v. Abraham,* No. 07–13–00296–CV, ——S.W.3d ——, ——, 2014 WL 5140289, at *1 (Tex.App.—Amarillo Oct. 13, 2014, pet. filed) (section 27.009(a)(1) specifies trial court "shall award" fees and expenses to moving party if suit is dismissed; those two words "connote a lack of discretion"); *Rauhauser v. McGibney,* No. 02–14–00215–CV, ——S.W.3d ——, ——,2014 WL 6996819, at *8 (Tex.App.—Fort Worth Dec. 11, 2014, no pet.) (award of court costs, attorney's fees, and expenses mandatory under section 27.009(a) of the TCPA)....[15]

---

[15] *Avila v. Larrea*, 05-14-00631-CV, 2015 WL 3866778, at *3 (Tex. App.—Dallas June 23, 2015, pet. filed)

The plain language of section 27.009(a)(1) mandates that appellants, as successful movants for dismissal, are entitled to an award of reasonable attorney's fees and other expenses incurred in defending against the action that is supported by the evidence. *See Cruz,* 452 S.W.3d at 522. **While the statute affords the trial court discretion to adjust downward reasonable attorney's fees and other expenses incurred in defending against the action as justice and equity may require, the statute does not afford discretion to award *no* attorney's fees and other expenses when the amount of reasonable fees and other expenses incurred in defending against the action are supported by record evidence.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 27.009(a)(1). **On this record, we conclude the trial court abused its discretion by awarding *no* attorney's fees and other expenses incurred in defending against the action to appellants.**[16]

The trial court ruled that $53,950 in attorneys' fees was a reasonable and necessary fee. It had the discretion to award that amount, or something less than that, but it was an abuse of discretion to award no attorneys' fees.

**B.      Segregation of attorneys' fees as between the Kirklin Defendants**

It was unnecessary to segregate the attorneys' fees as between each of the Kirklin Defendants because all attorneys' fees at issue in this appeal were for legal services performed on behalf of all the Kirklin Defendants, including The Kirklin Law Firm, P.C. Thus, the Kirklin Defendants' claims for attorneys' fees and sanctions were "inextricably intertwined" as between each of the Kirklin Defendants. As stated by the 14th Court of Appeals:

---

[16] *Avila* @ 5 (emphasis added)

...if a party proves that the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts, then the fees are deemed to be "intertwined to the point of being inseparable," and the party seeking attorney's fees may recover the entire amount of fees covering all claims.[17]

At the trial level, all the legal issues applied to all the Kirklin Defendants equally, and they offered evidence that every single one of the itemized attorneys' fees entries were performed on behalf of all the Kirklin Defendants.[18]

It would be impossible to segregate these "inextricably intertwined" attorneys' fees as between the Kirklin Defendants, and Texas law doesn't require segregation between the parties that are seeking attorneys' fees in such a situation.

## C.      Segregation of Attorneys' Fees as between the Fleming Plaintiffs

There were two plaintiffs in this litigation at the trial level, Fleming and Fleming & Associates, LLP ("F&A") (or collectively "Fleming Plaintiffs"). But only Fleming is a plaintiff in this appeal, and the Kirklin Defendants are seeking attorneys' fees against only him. The Kirklin Defendants' attorneys did engage in activities that related to only Fleming and not to Fleming & Associates, LLP and vice versa. Thus, the Kirklin

---

[17] *Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 693 (Tex. App.—Houston [14th Dist.] 2004, no pet.)
[18] 1 RR 92 (March 30, 2015 Hearing)

Defendants were required to segregate their attorneys' fees as between Fleming and Fleming & Associates, LLP, and they did.

But Fleming argues in his Brief of Cross-Appellee that the Kirklin Defendants failed to segregate attorneys' fees as between the Fleming Plaintiffs:

> Last, despite losing one of the two TCPA motions they copied, the Kirklins still sought almost $54,000 in trial-level fees at higher hourly rates than the other attorneys had billed. Overall, the Kirklins' times sheets demonstrate their lack of "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.[19]
>
> With respect to factor (4), the U.S. Supreme Court has held "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained...." Little need be said on the subject. Even with the benefit of copying other attorneys' ideas and work product, the Kirklins managed to succeed in just one of the two motions they filed.... Therefore, if the Court does not affirm the denial of attorneys' fees due to the Kirklins' pro se attorney status...It should begin with a 50% fee reduction to reflect the Kirklins' limited success.[20]

This argument is misleading and incorrect. The Kirklin Defendants segregated the attorneys' fees as between the Fleming Plaintiffs, and they are only seeking the attorneys' fees attributable to work performed in connection with Fleming's claims (on which they were successful). The Kirklin Defendants specifically excluded the attorneys' fees attributable to work

---

[19] Brief of Cross-Appellee @ 23
[20] *Id.* @ 26

performed in connection with F&A's claims (on which they were initially unsuccessful in their anti-SLAPP motion, but ultimately successful in summary judgment).

This segregation was laid out clearly in Charles Kirklins' declaration when the attorneys' fees were separated into two categories:

(1) "LEGAL SERVICES RE: FLEMING & ASSOCIATES, LLP,"[21] and

(2) "LEGAL SERVICES RELATED TO MOTION TO DISMISS CLAIMS BY GEORGE FLEMING"[22]

The Kirklin Defendants excluded the first category from their attorneys' fees damages calculation, as can be seen at 1 RR 96 (March 30, 2015 Hearing), which calculates only the "TOTALS FOR LEGAL SERVICES RELATED TO MOTION TO DISMISS CLAIMS OF GEORGE FLEMING 1/12/15 – 3/30/15" at $53,950.00. This is the total amount that the Kirklin Defendants are seeking in this appeal for attorneys' fees at the trial level.

Thus, The Kirklin Law Firm, P.C. segregated its calculation of attorneys' fees as between the Fleming Plaintiffs, and they are only seeking attorneys' fees for work performed in connection with the claims asserted by Fleming, individually.

---

[21] 1 RR 93 (March 30, 2015 Hearing)
[22] 1 RR 94 (March 30, 2015 Hearing)

**D.    Sanctions**

According to the TCPA Sec. 27.009:

> (a)    If the court orders dismissal of a legal action under [Chapter 27 of the CPRC], **the court <u>shall</u> award to the moving party**:
>
>> (1)    court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
>>
>> (2)    **sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.**[23]

The *American Heritage Capital* court concluded that evidence of previous litigation could be considered "along with all the other evidence in determining, as a matter of discretion, how large the sanction needed to be to accomplish its statutory purpose."[24] But it held that even if there were no prior litigation, an award of sanctions is still required under the TCPA.[25] Thus, the Kirklin Defendants aren't required to prove that Fleming engaged in previous litigation against them to be entitled to sanctions.

In his Brief of Cross-Appellee, Fleming quibbles with the Kirklin Defendants' characterization of his previous lawsuits against them. The Kirklin Defendants disagree with Fleming's description of these lawsuits and

---

[23] (emphasis added)

[24] *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 881 (Tex. App.—Dallas 2014, no pet.)

[25] *Id.*

believe their characterization is accurate, but since sanctions are still required even in the absence of *any* previous lawsuits, such quibbling is irrelevant in this appeal.

The TCPA requires the trial court to award attorneys' fees and sanctions to the prevailing party. The *Avila* case didn't reach the issue of sanctions, but it held that the TCPA's requirement regarding attorney's fees means the trial court must award an amount in excess of zero:

> While the statute affords the trial court discretion to adjust downward reasonable attorney's fees and other expenses incurred in defending against the action as justice and equity may require, the statute does not afford discretion to award *no* attorney's fees...[26]

Although we haven't found a case that specifically applies this same reasoning to sanctions, the logic is exactly the same, and it should extend to sanctions. In a dismissal under the TCPA, sanctions are required, just as attorneys' fees are required. The trial court has discretion over the amount of sanctions and attorneys' fees, but it doesn't have discretion over *whether* sanctions and attorneys' fees should be awarded. Thus, the trial court must award some amount of sanctions and attorney's fees in excess of zero, or else it is a violation of the TCPA and an abuse of discretion.

---

[26] *Avila v. Larrea*, 05-14-00631-CV, 2015 WL 3866778, at *5 (Tex. App.—Dallas June 23, 2015, pet. filed)

The TCPA language is actually even stronger in the case of sanctions because it states that the trial court must award sanctions "*sufficient to deter the party who brought the legal action from bringing similar actions.*" Such an amount would have to be greater than zero because it would be impossible to deter anyone from doing anything by imposing a penalty of zero.

The trial court held that sanctions of "*$75,000 sounds about right for an amount to – to prevent this from going on in the future,*"[27] but it chose to award zero in sanctions anyway. This was an abuse of discretion because the TCPA requires sanctions, and an award of zero sanctions is no sanction at all.

## PRAYER

Cross-Appellants pray that the trial court's March 30, 2015 Order on Attorneys' Fees and Sanctions as to the Kirklin Defendants be reversed and rendered to require Fleming to pay:

*(1)    Attorneys' fees for the trial level in the amount of $53,950; and*

*(2)    Sanctions in the amount of $75,000.*

Alternatively, Cross-Appellants pray that the trial court's March 30, 2015 Order on Attorney's Fees and Sanctions be reversed and remanded to

---

[27] 1 RR 88 (March 30, 2015 Hearing)

the trial court for entry of sanctions and attorney's fees in accordance with this Court's opinion.

Cross-Appellants pray that the trial court's March 30, 2015 Order on Attorneys' Fees and Sanctions be in all other things sustained.

Respectfully Submitted,

THE KIRKLIN LAW FIRM, P.C.

*/s/ Paul S. Kirklin*
Paul S. Kirklin
pkirklin@kirklinlaw.com
Texas State Bar No. 24070063
12600 N Featherwood Dr, Suite 225
Houston, TX 77034
(713) 571-8300
(281) 922-6240 Fax
*Attorney for Cross-Appellants*

(1)     This brief complies with the type-volume limitation of Tex. R. App. P. 9.4 because it contains 3,600 words as determined by the computer software's word-count function, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

(2)     This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

Dated: August 30, 2015

*/s/ Paul S. Kirklin*
Paul S. Kirklin

## CERTIFICATE OF SERVICE

I certify that on this 30th day of August, 2015, a true and correct copy of the Cross-Appellants' Reply Brief was served electronically on all attorneys of record as listed below in accordance with the Texas Rules of Appellate Procedure.

Sylvia Davidow
sylvia_davidow@fleming-law.com
George M. Fleming
george_fleming@fleming-law.com
J. Ken Johnson
ken_johnson@fleming-law.com
Kelsey Stokes
kelsey_stokes@fleming-law.com
FLEMING, NOLEN & JEZ, LLP
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109

*/s/ Paul S. Kirklin*

Paul S. Kirklin